Motion to dismiss July 21, dismissed August 6, 1958

# KNAPP *v.* OLSON
328 P. 2d 772

Stern, Reiter, Day & Anderson, Portland, for the motion.

No appearance contra.

ROSSMAN, J.

This is a motion by the plaintiff (respondent) to dismiss this appeal for the reason that the notice of appeal lacks indorsement of proof of service.

After the jury had returned its verdict in favor of the defendant and a motion presented by the plaintiff for a new trial had been sustained on March 12, 1958,

the defendant filed with the clerk of the circuit court on May 5, 1958, a notice of appeal. The notice bore no indorsement of the kind exacted by ORS 19.030(2) showing proof of service. According to an affidavit filed by counsel for the defendant July 3, 1958, the notice of appeal was served on plaintiff's attorney by an employee of defendant's counsel "by leaving a copy of said Notice of Appeal with one of the employees in Mr. Reiter's office in the Cascade Building." On the same day, so the affidavit states, the original notice of appeal was filed with the clerk of the circuit court. The following day the undertaking on appeal was filed and proof of its service was certified. July 2, 1958, one of the attorneys for the defendant subscribed and swore to an affidavit which, referring to the notice of appeal, declared: "I hereby certify that personal service of the foregoing document was made upon Carlton R. Reiter, Cascade Building, Portland 4, Oregon, attorney for plaintiff, on the 5th day of May, 1958." July 21 the motion to dismiss was filed.

The foregoing indicates that a copy of the notice of appeal was delivered to the office of plaintiff's counsel by one of the employees of defendant's counsel. We infer that no one in the office of plaintiff's counsel had authority to make an acknowledgment of service and that thereupon the copy of the notice of appeal was left in the office "with one of the employees." When the motion to dismiss the appeal was made, the notice of appeal as filed with the county clerk bore no indorsement whatever of proof of service.

We think that this case is governed by *Cooke v. Traver,* 181 Or 643, 184 P2d 866. The motion to dismiss the appeal is sustained.