Argued on respondent's motion to dismiss March 16, appeal dismissed April 23, 1970

HARTMAN, *Appellant, v.* HARTMAN, *Respondent.*

468 P2d 551

*Robert G. Danielson,* Sweet Home, argued the motion for respondent.

*M. M. Orona,* Lebanon, argued contra for appellant.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This case is before the court on a motion by the respondent, the defendant in the divorce proceedings below, to dismiss the appeal for the reason that the notice of appeal lacked endorsement of proof of service.

ORS 19.023(2) provides:

"A party to a judgment desiring to appeal there-

from, or some specified part thereof, shall cause a notice, signed by himself or his attorney, to be served on such adverse party or parties as have appeared in the action, suit or proceeding and file the original, *with proof of service indorsed thereon or affixed thereto,* with the clerk." (Emphasis supplied).

ORS 19.033(2) declares that:

"The serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional and may not be waived or extended."

A similar motion was made in *Cooke v. Traver,* 181 Or 643, 184 P2d 866 (1947). The pertinent statutory provision at that time was OCLA § 10-803, which also required the filing of a notice of appeal, "* * * with proof of service indorsed thereon * * *." The court held that the requirement of the statute as to proof of service of the notice of appeal was jurisdictional. See also *Knapp v. Olson,* 214 Or 206, 328 P2d 772 (1958).

The legislature revised the statutes on appellate procedure in 1959 after *Cooke* and *Knapp* were decided. Senate Bill No. 84, recommended by the Interim Committee on Judicial Administration, was introduced in a form which would have omitted the provision making proof of service jurisdictional. However, in enacting the bill as L 1959, ch 558, the legislature restored the previous language requiring that a notice of appeal must contain proof of service in order to confer jurisdiction.

In so enacting that bill, the legislature must have considered the previous decisions of the Supreme Court. It is clear that the legislature intended to

retain proof of service as one of the jurisdictional requirements of an appeal.

Appellant has directed our attention to *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 358 P2d 1062, 368 P2d 737 (1962). That case concerned the statutory authority of the Supreme Court to grant relief from procedural defects. The jurisdictional nature of the proof of service endorsement on the notice of appeal was not a question then before the court. The decision is not germane to the issue in this case.

Appellant has filed a motion for leave to file endorsement of proof of service, accompanied by an affidavit that service was actually made. The motion and affidavit were filed after the expiration of time for appeal. It was held in *Cooke v. Traver,* supra, that the missing proof of service could not be supplied by affidavit or in any other manner.

The statutes and other authorities on this question compel this court to hold that the omission of proof of service on the notice of appeal renders the notice ineffective to confer jurisdiction on this court.

Respondent's motion to dismiss must be granted.