On motion to dismiss appeal. Motion overruled July 20, 1926. (For opinion on the merits, see 126 Or. 91.)

## IN RE APPLICATION OF SANTIAM RECLAMATION COMPANY.

## SANTIAM RECLAMATION COMPANY ET AL. *v.* HENRY C. PORTER, TRUSTEE.

(247 Pac. 1077.)

For the motion, *Messrs. Carson & Carson.*

*Contra, Messrs. Cupper & Simpson* and *Mr. W. Y. Masters.*

McBRIDE, C. J.—1, 2. This is a motion to dismiss an appeal. The notice of appeal was directed to the respondent, Henry C. Porter, Trustee, the title of which correctly stated the court and cause and the parties thereto, and the return thereon being in the form of an acceptance of service, which is as follows:

"State of Oregon,
   County of Marion,—ss.
   "I, Henry C. Porter, Trustee, hereby certify that due and legal service of the within notice of appeal was made and effected upon me in Marion County, Oregon, on the 23rd day of April, 1926, by receiving a true copy thereof, duly certified to be such by Percy A. Cupper, one of the attorneys for the said Santiam Reclamation Company and the said Western Oregon Development Company.

                          "H. C. PORTER."

The contention made by the respondent is that there is no proof on the record that H. C. Porter, who signed the acceptance, is the identical Henry C. Porter who obtained the decree appealed from. We consider the contention a plausible but unprofitable technicality. The acceptance begins, "I, Henry C. Porter," and is signed "H. C. Porter," and proves itself. To hold otherwise, we would have to invoke the presumption that another H. C. Porter fraudulently represented himself as the Henry C. Porter, whose name is mentioned in the body of the acceptance, and thus laid himself liable to severe penalties by reason of issuing a false legal document. It is not the policy of the courts to seek farfetched technicalities as a pretext for dismissing an appeal.

Certainty to a common intent is all that is required, and that exists here.

3. In addition to this, there is a motion that appellants be allowed to file a corrected return, which return covers every point in respondent's objection. Such amendments have frequently been allowed in this court, the usual practice having been to ask permission of this court to apply to the Circuit Court for permission to amend the return and file it with the clerk of the Circuit Court and have him certify it up to this court. While this custom has the sanction of precedent, it appears to the writer to involve unnecessary red tape. It is more convenient, and just as effective, to present the proposed amendment here in the first instance as seems to have been done in *Northwestern Clearance Co.* v. *Jennings,* 106 Or. 291 (209 Pac. 875, 210 Pac. 884).

The motion to dismiss is overruled.

MOTION OVERRULED.