Motion to dismiss; appeal dismissed September 23, 1947

## COOKE *v.* TRAVER
(184 P. (2d) 866)

In Banc.

*Marsh & Marsh,* of McMinnville, for Respondent.

*Allen & Roberts,* of Portland, and *George Roberts,* of Medford, for Appellant.

LUSK, Acting Chief Justice.

Respondent has moved to dismiss the appeal for the reason that the notice of appeal given by the appellant does not comply with the statutory requirement that, after service of such notice on the adverse party or his attorney, "the original, *with proof of service indorsed thereon*", shall be filed with the clerk of the

court in which the judgment, order or decree is entered. The statute provides:

> "If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place where he or they may be found and file the original, *with proof of service indorsed thereon,* with the clerk of the court in which the judgment, decree or order is entered." (Italics added) § 10-803, O. C. L. A., as amended by Ch. 119, Oregon Laws, 1943.

The record before us shows that the original notice of appeal was filed with the clerk of the Circuit Court on June 25, 1947, but no proof of service was indorsed thereon or filed therewith. No showing in opposition to the motion has been made by the appellant, other than that under date of August 27, 1947, and on the same day that the motion to dismiss was filed, one of the attorneys for the appellant filed with the clerk of this court an affidavit stating that "I mailed the notice of appeal and a copy of the bond or undertaking on appeal to Messrs. Eugene Marsh and Francis Marsh, Attorneys at Law, to McMinnville, Oregon, under date of July 25, 1947, which notice and copy of bond was received by the said Marsh & Marsh, Attorneys, for the Plaintiff-Respondent, in the above entitled suit."

■■ The requirement of the statute as to proof of service of the notice of appeal is jurisdictional. *Muckle v. Columbia County,* 56 Or. 146, 108 P. 120; *Catlin v. Jones,* 56 Or. 492, 108 P. 633. As stated in the latter case, "the requisite proof cannot be supplied by affidavit or in any other manner." These decisions were

rendered before the adoption of Ch. 119, Oregon Laws, 1943, but the amendment has not changed the law in this regard. *Pond v. Jantzen Knitting Mills,* —— Or. ——, 180 P. (2d) 115; *Martin v. Harrison,* ——180 P. (2d) 119; *Williams v. Ragan,* 175 Or. 328, 333, 143 P. (2d) 209. Rather, the amendment emphasizes the jurisdictional effect of the provisions concerning the notice of appeal by the language, ''after the appellate court has acquired jurisdiction of the appeal in the manner hereinabove provided'', that is, by giving notice of appeal in open court, or before the judge, or by service of a notice of appeal on the adverse party or his attorney, and filing the original with proof of service endorsed thereon with the clerk of the Circuit Court.

■ In the present case the appellant, by filing the affidavit of her attorney above referred to, has attempted to do that which this court said in Catlin v. Jones cannot be done.

The case is to be distinguished from those in which a defective proof of service was filed with the original notice of appeal, and the court permitted an amendment to make the proof conform to the fact. Of this sort are *Earle v. Holman,* 154 Or. 578, 55 P. (2d) 1097, 61 P. (2d) 1242; *In re Santiam Reclamation Co.,* 128 Or. 140, 247 P. 1077; *Northwestern Clearance Co. v. Jennings,* 106 Or. 291, 209 P. 875, 210 P. 884; and *Barbre v. Goodale,* 28 Or. 465, 38 P. 67, 43 P. 378. But in this case no proof of service at all was indorsed on, or filed with, the notice of appeal, and there is nothing to amend; and, as the omission is a fatal one and the notice of appeal was not effective to confer jurisdiction on this court, the motion to dismiss the appeal must be granted.

Rossman, C. J., absent.