Argued on motion to dismiss appeal August 30, appeal dismissed
without opinion; Denecke, J., dissenting November 17, 1971

STIEHL, *Appellant*, *v.* GREENE, *Respondent.*

491 P2d 1183

John Gordon Gearin, Portland, for the motion.

J. B. Smith, Portland, contra.

DENECKE, J., dissenting.

The respondent filed a motion to dismiss the appeal upon the ground that the notice of appeal was not in proper form. The majority of the court has sustained the motion.

I dissent from the majority decision.

The appellant attempted to serve the notice of appeal on the respondent's attorney at his office, but found the office locked and, apparently, no one present. Appellant then filed the notice of appeal and subsequently served respondent's attorney at his residence at 7:00 p.m. The courthouse was closed by this time; so proof of service could not be affixed to the filed notice of appeal. All this occurred on the thirtieth day after the entry of the judgment appealed from and, therefore, within the period during which an appeal can be taken.

On the following day, the thirty-first day after the entry of judgment, the appellant affixed the affidavit of service to the notice of appeal which was on file at the courthouse.

The motion to dismiss was based upon the ground that the notice of appeal was filed without proof of service stated thereon.

Prior to 1959 we had decided that it was necessary that the notice of appeal filed contain an endorsement of proof of service; if it did not, the filing of the notice of appeal did not confer jurisdiction on this court and the appeal had to be dismissed. *Muckle v. Columbia County,* 56 Or 146, 108 P 120 (1910). In my opinion the applicable statute did not compel this result; however, we continued to adhere to that early rule. *Cooke v. Traver,* 181 Or 643, 184 P2d 866 (1947).

In 1959 a committee of the Oregon State Bar, a legislative interim committee and the legislature sought to simplify appellate procedure. The result was enactment of ch 558, Oregon Laws 1959, which is a complete revision of appellate procedure. The bar committee and the interim committee recommended that the service of the notice of appeal upon the adverse party be eliminated. The legislature did not adopt this recommendation and retained the requirement of service. The question, however, is did the legislature intend that endorsement of proof of service upon the notice of appeal be a jurisdictional requirement?

One of the problems before the 1959 revision was that this court had held that many of the requirements for appeal were jurisdictional, that is, if the requirements were not performed, the appeal would automatically be terminated and no court could give any relief. The interim committee stated in its report: "The most important thing about this subsection [ORS 19.033 (1)], however, is that the filing of the notice is the *only act which is jurisdictional.* There are other

*mandatory* steps, but none which must in any event be done timely and properly on pain of summary dismissal." Report of Legislative Interim Committee on Judicial Administration, Jan 1959, at 77.

By dismissing this appeal the majority of this court hold that filing a notice of appeal without proof of service endorsed thereon or affixed thereto does not confer jurisdiction upon this court. In my opinion, this is an overly restrictive interpretation of the statute and serves no useful purpose.

ORS 19.033, as revised in 1959, provides:

"(1) When the notice of appeal has been served and filed as provided in ORS 19.023 to 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, subject to a determination under ORS 2.520, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law.

"(2) The serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional and may not be waived or extended."

It can be reasoned that the language of both sections of ORS 19.033, "as provided in ORS 19.023 to 19.029," means that in order to confer jurisdiction, the notice of appeal filed must be in the form prescribed in ORS 19.023 to 19.029, including endorsement of proof of service. While that may be the literal interpretation, I do not think it is a preferred one because at least some of the form requirements of ORS 19.023 to 19.029 obviously are not of great substance. For example, ORS 19.029 requires that the notice of appeal shall contain, among other things, "(2) The names of the parties and their attorneys." "[A]ttorneys" was added in the 1959 revision. This re-

quirement probably is for the assistance of the clerk's office; however, it should not be considered of such substance that noncompliance must result in a mandatory dismissal.

The interim committee's report does not indicate any intention to make the filing of a notice of appeal, in the exact form provided by statute, a jurisdictional requirement.

In my opinion, it is consistent with the statute to hold that when notice of appeal, in any form, is served and filed, we have jurisdiction. We can then determine under ORS 19.033 (3) whether the failure to comply with the statutory form for the notice of appeal is sufficiently serious and prejudicial so as to grant a motion to dismiss.

O'CONNELL, C. J., joins in this dissent.