Motion to dismiss denied by opinion January 19, 1972

MILLARD, *Appellant, v.* MITCHELL BROS.
TRUCK LINES et al, *Respondents.*

492 P2d 783

Tooze, Powers, Kerr, Tooze & Peterson, Portland, for the motion.

Vernon Cook, Gresham, contra.

DENECKE, J.

The respondents filed a motion to dismiss appellant's appeal because appellant failed to include in his notice of appeal a designation of the portions of the proceeding to be included in the record and a statement of points on which the appellant intends to rely.

Prior to September 1971, ORS 19.074 provided:

"(2) At the time of filing the notice of appeal the appellant shall serve and file:

"(a) A designation of such parts of the proceedings and exhibits as he desires to be included in the record in addition to the trial court file.

"(b) Except as provided in paragraph (c) of this subsection, a plain and concise statement of the points on which he intends to rely. On appeal, the appellant may rely on no other points than those set forth in such statement.

"(c) If the appellant has designated for inclusion in the record all the testimony and all the instructions given and requested, no statement of points is necessary.

"(3) Within 10 days after the filing of the designation and the statement of points, if any, any other party may serve and file a designation of additional parts of the proceedings and exhibits to be included in the record.

"(4) The reporter shall prepare a transcript of such parts of the proceedings as are designated as provided in subsections (2) and (3) of this section."

ORS 19.029 provided:

"The notice of appeal shall contain the following:

"(1) The title of the cause.

"(2) The names of the parties and their attorneys.

"(3) A notice to the adverse party or his attorney that an appeal is taken from the judgment or some specified part thereof."

ORS 19.023(3) provided:

"The notice shall be in the form prescribed in ORS 19.029, shall be filed within the time prescribed in ORS 19.026, and shall be accompanied by the designation required by ORS 19.074."

We have held that these statutes do not make the filing of a notice of appeal "accompanied by the designation required by ORS 19.074" jurisdictional. We held that we acquired jurisdiction despite the fact that the notice of appeal was not accompanied by a designation. *Gordon Creek Tree Farms v. Layne,* 230 Or 204, 358 P2d 1062, 368 P2d 737 (1962).

Oregon Laws 1971, ch 565, § 6, p 993, amends ORS 19.029 to read as follows:

"(1) The notice of appeal shall contain the following:

"(a) The title of the cause.

"(b) The names of the parties and their attorneys.

"(c) A notice to the adverse party or his attorney that an appeal is taken from the judgment or some specified part thereof.

"(d) A designation of those portions of the proceedings and exhibits to be included in the record in addition to the trial court file.

"(e) A plain and concise statement of the points on which the appellant intends to rely. On appeal, the appellant may rely on no other points than those set forth in such statement. If the appellant has designated for inclusion in the record all the testimony and all the instructions given and requested, no statement of points is necessary.

"(2) Within 10 days after the filing of the notice of appeal any other party may serve and file a designation of additional parts of the proceedings and exhibits to be included in the record. If such party also appeals the designation shall be included in his notice of appeal.

"(3) The reporter shall prepare transcript of such parts of the proceedings as are designated pursuant to paragraph (d) of subsection (1) of this section and subsection (2) of this section."

The amendment has eliminated the various separate documents such as designation of record, etc., and requires that all be included in the notice of appeal.

The respondents contend that because the amendments added the designation of record and a statement of points to the list of items to be included in the notice of appeal, the inclusion of the designation and statement was made jurisdictional. We hold to the contrary and, therefore, we have the power to excuse appellant's failure to include such matters in his notice of appeal.

The legislative history of these amendments clearly indicates that the inclusion of the designation of record and a statement of points was not intended to be jurisdictional.

The 1971 amendments enlarging the requirements for the notice of appeal were instituted in Senate Bill 66. The bill states it was introduced "at the request of the Attorney General." The bill was prepared by the Attorney General's office. The Attorney General prepared an extensive memorandum in support of the bill. The memorandum was entitled, "Expediting Disposition of Criminal Appeals in Oregon."

One of the principal proposals to expedite appeals was to speed up the preparation of the transcripts by the court reporters. Under the heading, "B. *Recommended changes,*" the memorandum states:

> "As an initial matter, it seems desirable to eliminate some of the procedural red tape which surrounds designation and preparation of the record. Present practice provides for separate designation of record and notice of appeal. It is recommended that the designation of record be incorporated in the notice of appeal and that the combined notice

and designation be served upon the reporter to constitute the appellant's order for transcript. After counsel has filed his notice of appeal and designation of record he should have no further obligation for filing of the transcript other than payment of the reporter's charges.

"* * * * *.

"In lieu of the informal techniques now available it is recommended that counsel's responsibility for delivery of transcript be eliminated upon service and filing of the combined notice of appeal and designation of record. The reporter should be responsible for delivery of the transcript within the allotted time to the court to which the appeal is pending. * * *."

The 1971 amendments enacted this proposed procedure. The notice of appeal shall contain the designation of record. Ch 565, § 23, provides in criminal cases that the notice of appeal shall be served upon, among others, the trial court reporter. ORS 19.029(d) (3), as amended, provides that the reporter shall transcribe that part of the proceeding designated. ORS 19.078 provides that the court reporter shall file the transcript within 30 days after the filing of notice of appeal. As the memorandum states, the inclusion of the designation of record in the notice of appeal and the requirement of service on the reporter were to notify the reporter promptly what part of the transcript was desired and then to place upon the reporter the onus of seeing that the transcript was promptly prepared and filed.

This history demonstrates that the legislation was intended to "eliminate some of the procedural red tape which surrounds designation and preparation of the record." The legislature did not intend to change the

rule of *Gordon Creek Tree Farms v. Layne,* supra (230 Or 204), that the failure to file a designation of record was not a jurisdictional defect.

Because of the legislative intent as regards these amendments, the correctness of our decision in *Stiehl v. Greene,* 260 Or 315, 491 P2d 1183 (1971), is not in issue.

Motion to dismiss denied.