Argued June 2, reversed and remanded June 26, 1975

POHRMAN, *Petitioner, v.* KLAMATH COUNTY
COMMISSIONERS, *Respondents.*

538 P2d 70

*James W. Lock,* Gresham, of Burns & Lock, P. C.,
argued the cause for petitioner.

*Bradford J. Aspell,* Klamath Falls, of Boivin and
Boivin, Klamath Falls, argued the cause for re-
spondents.

DENECKE, J.

The Court of Appeals dismissed petitioner's ap-
peal because of a defect in the notice of appeal. We
granted the petition for review.

Petitioner filed and duly served a timely notice of appeal. That service was made is not in issue. Petitioner did not "affix" or "endorse thereon" a proof of service until after the time for appeal had expired. The Court of Appeals held that because the proof of service was not on the notice as filed it had no jurisdiction. The court correctly interpreted *Cooke v. Traver,* 181 Or 643, 184 P2d 866 (1947); *Knapp v. Olson,* 214 Or 206, 328 P2d 772 (1958); and *Stiehl v. Greene,* decided on the motion docket Nov. 16, 1971, with a dissent at 260 Or 315, 491 P2d 1183, as requiring such a decision.

■ We now conclude that those decisions are incorrect. They are overruled and we reverse.

The statute which is now ORS 19.023 has been the law for years and provides that the notice of appeal which is filed should have "proof of service indorsed thereon or affixed thereto."

In *Briney v. Starr,* 6 Or 207 (1870), the appellant filed his notice of appeal on July 2nd. Proof of service was not endorsed or affixed thereto. In September, after the time for appeal had expired, appellant attached an affidavit to the notice of appeal. The affidavit stated that service had been made on July 2nd. The respondent denied that he had been served. The court stated, "* * * we hold that without any leave obtained below, the act of the attorney was unauthorized, and of no effect; and no proof of proper service existing, the appeal is dismissed." 6 Or at 209.

In a succession of cases this limited holding was expanded to be the cornerstone of a broad proposition that endorsing or affixing of proof of service on the notice of appeal was jurisdictional; that is, if the endorsement was lacking the appeal had to be dismissed regardless of the merit of the excuse for the lack of endorsement. *Muckle v. Columbia County,* 56 Or 146, 108 P 120 (1910).

In the modern era, but before 1959, we continued to adhere to this proposition. *Cooke v. Traver*, supra (181 Or 643). *Cooke* was consistent with the then current tenor of our decisions that many of the requirements for appeal were jurisdictional and the failure to fulfill these requirements could not be excused regardless of the merit of the excuse.

This inflexibility in appellate procedure plus other deficiencies caused a movement for the reform of appellate procedure. In 1959 a committee of the Oregon State Bar, a legislative interim committee and the legislature sought to simplify appellate procedure. Legislation was proposed by these groups. The interim committee stated in its report, "The most important thing about this subsection [ORS 19.033 (1)] however, is that the filing of the notice is the only act which is jurisdictional. There are other mandatory steps, but none which must in any event be done timely and properly on pain of summary dismissal." Report of Legislative Interim Committee on Judicial Administration, Jan 1959, at 77.

As a result of these studies the legislature enacted ch 558, Oregon Laws 1959.

The groups studying appellate procedure had recommended that service of the notice of appeal itself be eliminated, but the legislature did not do so. However, neither the legislative history nor the language of the 1959 amendments indicates any intention by the legislature to retain endorsement or proof of service on the notice as a jurisdictional requirement. Subsequent amendments to this section, ORS 19.033, contain some indication that the intent of the legislature was that the required contents of the notice of appeal are not to be jurisdictional.

ORS 19.033, as amended in 1959 and in its present form, provides:

"(1) When the notice of appeal has been served

and filed as provided in ORS 19.023 to 19.029, the Supreme Court * * * shall have jurisdiction of the cause, * * * but the trial court shall have such powers in connection with the appeal as are conferred upon it by law.

"(2) The serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional and may not be waived or extended."

ORS 19.023 provides:

"(1) An appeal to the Supreme Court or to the Court of Appeals shall be taken in the manner prescribed in ORS 19.023 to 19.065 and 19.074 to 19.190.

"(2) A party to a judgment desiring to appeal therefrom, or some specified part thereof, shall cause a notice, signed by himself or his attorney, to be served on all parties as have appeared in the action, suit or proceeding and file the original, with proof of service indorsed thereon or affixed thereto, with the clerk.

"(3) The notice shall be in the form prescribed in ORS 19.029, shall be filed within the time prescribed in ORS 19.026."

ORS 19.029 provides:

"(1) The notice of appeal shall contain the following:

"(a) The title of the cause.

"(b) The names of the parties and their attorneys.

"(c) A notice to all parties or their attorneys as have appeared in the action, suit or proceedings that an appeal is taken from the judgment or some specified part thereof and designating who are the adverse parties to the appeal.

"(d) A designation of those portions of the proceedings and exhibits to be included in the record in addition to the trial court file. The des-

ignation may not be later amended by the appellant unless the appellate court so orders.

"(e) A plain and concise statement of the points on which the appellant intends to rely. On appeal, the appellant may rely on no other points than those set forth in such statement. If the appellant has designated for inclusion in the record all the testimony and all the instructions given and requested, no statement of points is necessary. Not later than the 15th day following the filing of the transcript, the appellant may serve and file an amended statement of points. Except by approval of the court, the appellant may then rely on no other points than those set forth in such amended statement.

"(2) Within 10 days after the filing of the notice of appeal any other party may serve and file a designation of additional parts of the proceedings and exhibits to be included in the record. If such party also appeals the designation shall be included in his notice of appeal.

"(3) The reporter shall prepare a transcript of such parts of the proceedings as are designated pursuant to paragraph (d) of subsection (1) of this section and subsection (2) of this section."

Subsequent to 1959 the general trend of our decisions passing on the effects of defects in appellate procedure has been to regard the defects as not being jurisdictional.

In *Gordon Creek Tree Farms v. Layne*, 230 Or 204, 358 P2d 1062 (1962), the appellant neglected to file with his notice of appeal a designation of the parts of the proceedings he desired to be included in the record.

ORS 19.023, the same section that provides that the proof of service be endorsed on the notice of appeal, as amended in 1959, provided that the notice shall be filed "and shall be accompanied by the des-

ignation required by ORS 19.074." That refers to the designation of the proceedings to be included in the record.

In *Gordon Creek Tree Farms* we held, despite the statutory requirement that the designation be filed with the notice, that such filing was not jurisdictional. We stated:

"* * * One of the purposes of enactment of the new appellate code was the amelioration of this situation in accordance with the latter-day view that the procedural sins of attorneys should not necessarily be visited upon their clients. As we construe ORS 19.033 (3), it has given the Supreme Court plenary power to relieve from an untimely performance of any of the required acts except only the serving and filing of the notice of appeal which, it is expressly provided, is jurisdictional and may not be waived or extended. * * *." 230 Or at 210-211.

Oregon Laws 1971, ch 565, § 6, p 993, amended ORS 19.029 by adding (1)(d) and (e) and (2) and (3), as previously quoted. These amendments provided that in the notice of appeal itself the appellant would designate what part of the proceedings were to be transcribed and, if applicable, a statement of points.

In *Millard v. Mitchell Bros.*, 261 Or 165, 492 P2d 783 (1972), the appellant failed to comply with the statute and did not include in his notice of appeal a designation of the proceedings to be included in the record or a statement of points upon which he intended to rely. We held the requirement to file the designation and statement of points was not jurisdictional. We reached this conclusion because the legislative history was clear that these requirements were inserted to speed the reporter's transcription of the record.

Because of this explicit legislative history, we

did not have to consider the correctness of our decision one year earlier of *Stiehl v. Greene,* supra (260 Or 315). In *Stiehl* the majority, without opinion, dismissed an appeal because the appellant failed to endorse or affix proof of service on the filed notice of appeal. The court now is of the opinion that it was in error in *Stiehl v. Greene,* supra (260 Or 315).

ORS 19.023 and 19.029 provide for the contents of the notice of appeal. We held in *Millard v. Mitchell Bros.,* supra (261 Or 165), that some of these requirements were not jurisdictional. We do not have any explicit legislative history that indicates others also were not intended to be jurisdictional. The nature of at least one of the other requirements, however, is a strong indication that failure to comply should not be penalized by automatic dismissal. The 1959 legislature added the requirement that the notice shall contain the names of the attorneys as well as the names of the parties. As far as we can determine this was added for the convenience of the court clerk's office. It would seem the essence of mechanical jurisprudence to dismiss an appeal out of hand because the attorney failed to insert the attorneys names in the notice. The requirement of endorsement of proof of service also appears to be for clerical convenience.

If we continue to follow our past course the state of the law will be that the failure to comply with some of the statutory requirements for the contents of the notice of appeal will be jurisdictional and others will not. The distinction will not be based upon any rational basis.

The only arguable basis must be that we previously held the requirement of endorsement of proof of service was jurisdictional, the legislature amended the statute subsequent to our decisions and did not change the pertinent language. We believe we are

now sufficiently sophisticated to know that this is doubtful reasoning, particularly as regards procedural legislation. We do not accept such reasoning in this instance.

■ We hold that when a notice of appeal is timely served and filed the court has jurisdiction. The appellate court can then determine, pursuant to ORS 19.033(3), whether the failure to comply with the statutory form for the notice of appeal is sufficiently serious and prejudicial so as to grant a motion to dismiss.

Reversed and remanded to the Court of Appeals.