STAHL et ux, *Respondents,*

*v.*

KRASOWSKI et ux, *Appellants.*

(TC L6405, SC 25481)

573 P2d 309

Nels Peterson of Peterson, Susak & Peterson, P.C., Portland, for the motion.

John R. Faust, Jr. of Hardy, McEwen, Weiss, Newman & Faust, Portland, contra.

HOLMAN, J.

Denecke, C. J., dissented and filed opinion in which Linde, J., joined.

**HOLMAN, J.**

This matter comes before the court upon a motion to dismiss defendants' appeal. Defendants' notice of appeal reads as follows:

> "You are notified that an appeal is taken to the Supreme Court of the State of Oregon from the Order Denying Motion for Judgment Notwithstanding Verdict entered herein on September 15, 1977."

Accompanying and attached to the notice of appeal is an order of the trial judge dated September 15 which denied defendants' motion for a judgment notwithstanding the verdict. The actual judgment order from which the appeal should have been taken is a separate document dated July 19, 1977. Defendants filed an amended notice of appeal but only after the lapse of the statutory period for filing an appeal. Therefore, whether the original notice was fatally defective is critical. ORS 19.029 (1) is as follows:

> "(1) The notice of appeal shall contain the following:

> "(a) The title of the cause.

> "(b) The names of the parties and their attorneys.

> "(c) A notice to all parties or their attorneys that an appeal is *taken from the judgment or some specified part thereof* and designating who are the adverse parties to the appeal.

> "(d) A designation of those portions of the proceedings and exhibits to be included in the record in addition to the trial court file. The designation may not be later amended by the appellant unless the appellant court so orders.

> "(e) A plain and concise statement of the points on which the appellant intends to rely. On appeal, the appellant *may rely on no other points than those set forth in such statement.* If the appellant has designated for inclusion in the record all the testimony and all the instructions given and requested, no statement of points is necessary. Not later than the 15th day following the filing of the transcript, the appellant may serve and file an amended statement of points. Except by approval of the court, the appellant may then rely on no other points

than those set forth in such amended complaint." (Emphasis added.)

ORS 19.033 has the following to say concerning the court's jurisdiction:

"(1) When the notice of appeal *has been served and filed as provided in ORS 19.023 to 19.029, the Supreme Court* or the Court of Appeals *shall have jurisdiction* of the cause, subject to a determination under ORS 2.520, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law.

"(2) *The serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional* and may not be waived or extended.

"(3) *After the Supreme Court* or the Court of Appeals *has acquired jurisdiction of the cause,* the omission of a party to perform any of the acts required in connection with an appeal, or to perform such acts within the time required, shall be cause for dismissal of the appeal. In the event of such omission, the court, on motion of the respondent or, on its own motion, may dismiss the appeal. An appeal dismissed on the court's own motion may be reinstated upon showing of good cause for such omission." (Emphasis added.)

Cases from time immemorial hold that an order denying a motion for a judgment notwithstanding the verdict is not an appealable order. A few of these cases are: *Highway Comm. v. Helliwell,* 225 Or 588, 358 P2d 719 (1961); *Meyers v. Oasis Sanitorium, Inc.,* 224 Or 414, 356 P2d 159 (1960); *In re Sneddon,* 74 Or 586, 144 P 676 (1915). However, defendant, while admitting that such an order is not appealable, contends that recent opinions of this court have held that mistakes in the contents of a notice of appeal are not jurisdictional, citing *Pohrman v. Klamath Co. Comm.,* 272 Or 390, 538 P2d 70 (1975).

In *Pohrman* the appellant did not affix to or endorse upon the notice of appeal the proof of service on the opposing party until after the time for filing the notice of appeal had elapsed, contrary to the provisions

of ORS 19.023 (2).[1] We held the notice was not fatally defective because of the omission. We pointed out that in recent years we have decided that failure to include in the notice of appeal a designation of the parts of the proceeding that were desired to be included in the record upon appeal as required by ORS 19.029 (1) (d) was not fatal, *Gordon Creek Tree Farms v. Layne,* 230 Or 204, 358 P2d 1062 (1962), and that failure to include in the notice of appeal a designation of the proceedings, as well as a statement of points upon which appellant intends to rely as required by ORS 19.029 (1) (e), was not fatal, *Millard v. Mitchell Bros.,* 261 Or 165, 492 P2d 783 (1972).

As stated in *Pohrman,* the last major overhaul of appellate procedure was made in 1959. We said:

"* * * [I]nflexibility in appellate procedure plus other deficiencies caused a movement for the reform of appellate procedure. In 1959 a committee of the Oregon State Bar, a legislative interim committee and the legislature sought to simplify appellate procedure. Legislation was proposed by these groups. The interim committee stated in its record, 'The most important thing about this subsection [ORS 19.033 (1)] however, *is that the filing of the notice is the only act which is jurisdictional.* There are other mandatory steps, but none which must in any event be done timely *and properly* on pain of summary dismissal.' Report of Legislative Interim Committee on Judicial Administration, Jan 1959, at 77." (Emphasis added.)

Finally, in *Pohrman,* we concluded with this broad statement:

"We hold that when a notice of appeal is timely served and filed the court has jurisdiction. The appellate court can then determine, pursuant to ORS 19.033 (3),

---

[1] "19.023. How appeal taken. * * *.

"(2) A party to a judgment desiring to appeal therefrom, or some specified part thereof, shall cause a notice, signed by himself or his attorney, to be served on all parties as have appeared in the action, suit or proceeding and file the original, with proof of service indorsed thereon or affixed thereto, with the clerk.

"* * * * *."

*whether the failure to comply with the statutory form* for the notice of appeal is *sufficiently serious and prejudicial* so as to grant a motion to dismiss." (Emphasis added.) 272 Or at 397.

Taken literally, this last statement would indicate that any document entitled "notice of appeal" which was filed within the required time would be sufficient to give the court jurisdiction whether it contained anything at all, because it could be inferred therefrom that the party filing it intended to appeal and there is rarely any prejudice involved. However, it must be remembered that ORS 19.033 (2) says, "The serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional * * *." Despite our cases holding that many of the requirements within these sections are not jurisdictional, it must have been intended in 1959 that some *contents of the notice* were necessary to the court's jurisdiction. Otherwise, ORS 19.029, which at that time contained only the contents of the notice, would not have been included within the jurisdictional confines of ORS 19.033 (2).[2]

If resort is made to the Report of the Legislative Interim Committee on Judicial Administration previously partially quoted in *Pohrman,* it is apparent that at least some of the contents of ORS 19.029 were intended to be jurisdictional. In addition to what is quoted in *Pohrman,* the report says at page 77 that "under Section 6 (ORS 19.033) relief can be granted from any error save that of *improper* or untimely notice of appeal." (Emphasis added.)[3] Actually, the requirements of the contents of the notice of appeal contained in ORS 19.029 as enacted by the 1959

---

[2]The language of ORS 19.033 (2) which specifies what is jurisdictional uses the language "as provided in ORS 19.023 *to* 19.029. The word "inclusive" is not appended. A literal reading would thus exclude ORS 19.029. However, the report of the Legislative Interim Committee on Judicial Administration (which committee drew the legislation) demonstrates that the then provisions of ORS 19.029 were intended to be included. See pp. 133-134 of the report.

[3]The 1959 Legislature enacted the section in substantially the words suggested by the committee.

Legislature were very brief, but included was the language "* * * notice * * * that an appeal is taken from the judgment or some specified part thereof."

■■ Since 1959 the legislature has added to ORS 19.029 other requirements for the contents of the notice of appeal which are presently contained in paragraphs (d) and (e) of subsection (1) of the statute. This court has refused to treat these additions as jurisdictional, as is demonstrated by *Gordon Creek Tree Farms v. Layne, supra,* and *Millard v. Mitchell Bros., supra.* If anything within the notice of appeal is jurisdictional, and it is apparent from the inclusion of ORS 19.029 within the jurisdictional limitations of ORS 19.033(2) and from the report of the interim committee that some part of the contents of the notice was intended to be, it must be a description of what action of the trial court is appealed from, because, other than the title of the case, that is the most important thing which the notice contains.

It is our conclusion that it was the intention of both the interim committee and the legislature to treat the designation of that which is appealed from as "jurisdictional."

Plaintiffs' motion to dismiss defendants' appeal is allowed.

**DENECKE, C. J.,** dissenting.

The majority's interpretation of the statute that a proper designation in the notice of appeal of the order or judgment appealed from is a jurisdictional requirement is not unreasonable, but in my opinion is not compelled. For this reason I would adopt an interpretation that unless the respondents are prejudiced by appellants' error, the appellants can have their case decided on its merits.

The essence of the majority opinion is:

"* * * Despite our cases holding that many of the requirements within these sections are not jurisdictional, it must have been intended that some *contents of the*

[ 39 ]

*notice* were necessary to the court's jurisdiction. Otherwise, ORS 19.029, which at that time concerned only the contents of the notice, would not have been included within the jurisdictional confines of ORS 19.033(2)." (Footnote omitted.)

However, we stated to the contrary in *Pohrman v. Klamath Co. Comm.,* 272 Or 390, 396, 538 P2d 70 (1975):

"If we continue to follow our past course the state of the law will be that the failure to comply with some of the statutory requirements for the contents of the notice of appeal will be jurisdictional and others will not. The distinction will not be based upon any rational basis."

In *Pohrman* we stated by way of dictum that while the 1959 legislature required certain information to be in the notice of appeal, the statement of such information was not a jurisdictional requirement.

"* * * The 1959 legislature added the requirement that the notice shall contain the names of the attorneys as well as the names of the parties. As far as we can determine this was added for the convenience of the court clerk's office. It would seem the essence of mechanical jurisprudence to dismiss an appeal out of hand because the attorney failed to insert the attorneys names in the notice. * * *." 272 Or at 396.

Under the majority's reasoning, as this requirement of stating the attorneys' names on the notice of appeal was added in 1959, this requirement is jurisdictional.

In my opinion the intention of the 1959 and ensuing legislatures, consistent with the intention of the bar which requested the legislation, was to create jurisdiction in the appellate court if a document was timely served and filed, which reasonably could be construed to give notice to court and counsel that the party filing the document was appealing a decision of the trial court in a certain case. If the appealing party's failure to comply with the statute in any way prejudices the other party, the appellate court can dismiss the appeal for failure to comply. ORS 19.033(3). Any more

restrictive interpretation of our appellate procedure statutes is a reversion to narrow formalism which, in my opinion, is not required by the language of the statute.

Linde, J., joins in this dissent.