On respondent's motion to dismiss filed July 19, appeal dismissed October 5,
reconsideration denied November 18,
petition for review allowed December 6, 1983 (296 Or 195)
See 296 Or 663, 678 P2d 1226 (1984)

BAUMAN et al,
*Appellants,*

*v.*

GITTELSOHN et al,
*Respondents.*

(CC-82-329; CA A28899)

669 P2d 1188

Jeanyse R. Snow, and MacDonald, McCallister & Snow, Astoria, for the motion.

J. Michael Alexander, and Burt, Swanson, Lathen, Alexander & McCann, Salem, contra.

Before Warden, Presiding Judge, and Warren and Young, Judges.

PER CURIAM

Warren, J., dissenting.

## PER CURIAM

Respondents move to dismiss the appeal because of lack of jurisdiction. The notice of appeal was timely filed on July 11, 1983, the last day for filing the appeal, ORS 19.026, and service was made on that day on respondents and on the Clatsop County Clerk. ORS 19.023(2)(b), as amended by Or Laws 1981, ch 177, § 1, requires that service be made on the "clerk of the trial court."[1] Since January, 1983, the County Clerk has not been the Clerk of the Trial Court.

ORS 19.033(2) provides:

"The *service and filing* of the notice of appeal as provided in *ORS 19.023, 19.026* and 19.029 is jurisdictional and may not be waived or extended." (Emphasis supplied.)

*Pohrman v. Klamath Co. Comm.,* 272 Or 390, 538 P2d 70 (1975), emphasizes that timely *service and filing* of the notice of appeal is mandatory.

Appeal dismissed.[2]

**WARREN, J.,** dissenting.

I would deny the motion to dismiss, because failure to make timely service on the trial court clerk under ORS 19.023(2)(b) does not require dismissal of the appeal, absent a showing that the failure to comply is serious and prejudicial.

In *Pohrman v. Klamath Co. Comm.,* 272 Or 390, 392, 538 P2d 70 (1975), the court explained:

"[The] inflexibility in appellate procedure plus other deficiencies caused a movement for the reform of apellate procedure. In 1959 a committee of the Oregon State Bar, a legislative interim committee and the legislature sought to simplify appellate procedure. Legislation was proposed by these groups. The interim committee stated in its report, 'The most important thing about this subsection [ORS 9.023(1)] however, is that the filing of the notice is the only act which is jurisdictional. There are other mandatory steps, but none which must in any event be done timely and properly on pain of summary dismissal.' Report of Legislative Interim Committee on Judicial Administration, Jan 1959, at 77."

---

[1] The clerk of the trial court appointed pursuant to ORS 8.215 was ultimately served after the time for appeal had expired.

[2] The dissent fails to mention that ORS 19.033(2) mandates that service and filing of the notice of appeal "is jurisdictional."

The appellate procedure statutes remain virtually as adopted in 1959 with the exception of 1981 amendments to ORS 19.023. The purpose of the 1981 amendments was to standardize the method for filing civil and criminal cases. The legislative history reveals no intent to affect the jurisdictional reach of the procedural requirements. *See* Senate Committee on Justice, March 31, 1981, at 5.

The notice of appeal in this case was filed on July 11, 1983, the last day for filing the appeal, and service was made that day on respondents and on the Clatsop County Clerk. The statute requires that service be made on the trial court clerk. ORS 19.023(2)(b). The trial court clerk was served on July 25, 1983, after an abortive attempt to do so on July 20, 1983, which failed due to no fault of appellant.

Prior cases involving procedural defects in the appellate filing process have produced no clear guideline for dismissal with the exception that filing of the notice of appeal is jurisdictional. *Pohrman v. Klamath Co. Comm., supra.* Many defects in statutory requirements have been held not to require dismissal. *Werline v. Webber,* 54 Or App 415, 635 P2d 15, *rev den* 292 Or 450 (1981) (appeal allowed where defendant in her notice of appeal recited the wrong date for entry of judgment and attached a copy of order denying new trial instead of a copy of the judgment); *Northern Ins. Co. v. Conn Organ,* 40 Or App 785, 596 P2d 605, *rev den* 287 Or 507 (1979) (failure to name party in notice of appeal and serve party who appeared in the action did not require dismissal where "after the filing of the third amended complaint, all of the defendants, conducted themselves as if the church had never been a party at all"); *Pohrman v. Klamath Co. Comm., supra* (failure to endorse proof of service on notice of appeal did not require dismissal); *Millard v. Mitchell Bros.,* 261 Or 165, 492 P2d 783 (1972) (failure to include designation of record and statement of points in notice of appeal is not jurisdictional); *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 358 P2d 1062, 368 P2d 737 (1962) (failure timely to file designation of parts of proceedings desired to be included in record does not require dismissal).

In *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978), the court found that the failure to state that the appeal was "taken from the judgment or some specified part thereof" was

jurisdictional and the notice of appeal fatally defective. I would follow the spirit of Chief Justice Denecke's dissent in *Stahl:*

"The majority's interpretation of the statute that a proper designation in the notice of appeal of the order or judgment appealed from is a jurisdictional requirement is not unreasonable, but in my opinion is not compelled. For this reason I would adopt an interpretation that unless the respondents are prejudiced by appellants' error, the appellants can have their case decided on its merits." 281 Or at 39.

No claim of prejudice to respondents has been made in this case. The notice of appeal was timely filed, and all parties who appeared in the proceeding were properly served. "Service" on the clerk functions only as notice to the clerk of the posture of the case. A failure to notify the clerk that an appeal has been filed should not result in a dismissal on the merits unless prejudice to a party can be shown. I conclude that proper service on the trial court clerk under these facts was not jurisdictional. The purpose of the appellate code is better served by "the latter-day view that the procedural sins of attorneys should not necessarily be visited upon their clients." *Gordon Creek Tree Farms v. Layne et al, supra,* 230 Or at 210. I would decide the case on its merits.