Argued and submitted July 27, appeal dismissed September 21, reconsideration denied
October 28, petition for review allowed November 15, 1983 (296 Or 56)
See 296 Or 653, 678 P2d 1222 (1984)

McQUARY,
*Appellant,*
*v.*

BEL AIR CONVALESCENT
HOME, INC., dba
Bel Air Care Center,
*Respondent.*

(A8010-05914; CA A24637)

669 P2d 348

Michael A. Greene, Portland, argued the cause for appellant. With him on the briefs was Rosenthal & Greene, Portland.

Lee M. Hess, Portland, argued the cause for respondent. With him on the brief was Swire, Riebe & Hess, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

This is an action for wrongful discharge. Plaintiff, a licensed vocational nurse, was fired from her job at defendant's nursing home after an altercation with the home's director. The argument concerned the director's treatment of plaintiff's aunt, who was a resident of the home; plaintiff accused the director of "harassing" her aunt. The case was tried to a jury, which returned a verdict for defendant. On appeal, plaintiff's sole assignment of error is that the trial court erred in instructing the jury that it first had to find that there was "in fact, patient abuse" of plaintiff's aunt in order to return a verdict in favor of plaintiff. We do not reach this question, however, because we conclude that plaintiff did not perfect her appeal in a timely manner and that it must therefore be dismissed.

The trial court judgment was entered on April 8, received in the circuit court clerk's office on April 9, and docketed on April 14, 1982. Plaintiff had 30 days within which to file a notice of appeal. ORS 19.026(1). She did file such a notice on May 11, 1982. The certificate of mailing states that true copies of the notice of appeal and designation of record were served on counsel for defendant, "Linda Cole, Official Court Reporter" and "Hon. John J. Murchison, Circuit Court Judge." Linda Cole was not the court reporter for this case—two other reporters reported it. Defendant maintains that service on the wrong court reporter and on the trial judge was insufficient to perfect the appeal and moves to dismiss the appeal for lack of jurisdiction.[1]

Timely service of the notice of appeal is required by ORS 19.023(2)(b), (c):

"* * * * *

"(2)  The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.029, to be served:

"* * * * *

"(b)  On the clerk of the trial court; and

---

[1] Defendant's original motion was filed July 14, 1982, and denied by letter on August 24, 1982. Defendant thereafter moved to have its motion to dismiss reconsidered, which motion was also denied. Defendant renewed its motion to dismiss in its respondent's brief on the merits. As the text shows, we now conclude that we should have granted the July 14, 1982, motion.

"(c) On the trial court reporter if a transcript is designated in connection with the appeal."

and ORS 19.026:

"* * * [T]he notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from."

Failure to make proper service is a jurisdictional defect. ORS 19.033(2) provides:

"(2) The *serving* and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended." (Emphasis supplied.)

In the present case, timely service was not made on either the appropriate court reporters or the clerk of the trial court—the judge is not the clerk; two other reporters, rather than Linda Cole, reported this case. Both defects were later remedied, but not until long after the 30-day period provided in ORS 19.026(1) had expired.

The language of ORS 19.033(2) is clear: failure to serve the notice of appeal and designation of record "as provided in ORS * * * 19.026 * * * is jurisdictional and may not be waived or extended." Plaintiff's failure timely to serve her notice of appeal on the proper individuals means that this court never acquired jurisdiction over the appeal. *Cf. Pohrman v. Klamath Co. Comm.*, 272 Or 390, 538 P2d 70 (1975) (holding that failure to append *proof* of service to notice of appeal not jurisdictional.

Appeal dismissed.