Argued and submitted March 5, reversed and remanded March 27, 1984

McQUARY,
*Petitioner on Review,*

*v.*

BEL AIR CONVALESCENT HOME,
INC., dba Bel Air Care Center,
*Respondent on Review.*

(TC A8010-05914; CA A24637; SC S30050)

678 P2d 1222

Michael A. Greene, Portland, argued the cause for petitioner on review. With him on the briefs was Rosenthal & Greene, P.C., Portland.

Lee M. Hess, Portland, argued the cause for respondent on review. With him on the briefs was Swire, Riebe & Hess, Portland.

Arthur C. Johnson, Eugene, filed brief for amicus curiae Marsha L. Hafley. With him on the brief was Johnson, Quinn, Clifton & Williams, P.C., Eugene.

J. P. Graff and Mildred J. Carmack, Portland, filed brief for amici curiae Oregon Trial Lawyers Association and

Oregon Association of Defense Counsel. With them on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

PER CURIAM

## PER CURIAM

The Court of Appeals dismissed appeals in this and two other cases because appellants had not timely served notices of appeal on everyone who is required by statute to be served. *McQuary v. Bel Air Convalescent Home, Inc.*, 296 Or 653, 678 P2d 1222 (1984); *see also Bauman v. Gittelsohn,* 296 Or 663, 678 P2d 1226 (1984) and *Spielman v. First Interstate Bank,* 296 Or 660, 678 P2d 1226 (1984). We allowed review to examine the holding of the Court of Appeals that shortcomings of service on court reporters and clerks deprive it of jurisdiction over the appeal. We hold that service of notice on these persons is not jurisdictional and therefore reverse the orders dismissing the appeals.

The issue arises from the jurisdictional provisions of ORS 19.033, coupled with certain changes made in 1981 in adjacent provisions of ORS chapter 19.

ORS 19.033 provides:

"(1)    When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, . . . .

"(2)    The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended."

ORS 19.033 itself is essentially unchanged since the 1959 reform of appellate procedure. Or Laws 1959, ch 558. The purpose of that reform was to simplify appellate procedure and to overcome the fatal effect of procedural errors that did not prejudice any substantial interest of another party or of the court. *Pohrman v. Klamath Co. Comm.,* 272 Or 390, 538 P2d 70 (1975).

What ORS 19.033 made "jurisdictional" in 1959 was compliance with ORS 19.023 to 19.029 as codified at the same time. Section 19.023 required service of notice of appeal on adverse parties that had appeared in the trial court proceeding, followed by filing the original notice with proof of service with the clerk. This section also required that the notice be accompanied by a designation of proceedings to be included in the record on appeal. ORS 19.026 set a time limit for serving and filing notices of appeal and spelled out other rules for

computing these time limits. ORS 19.029 specified that the notice of appeal must contain the title of the cause, the names of the parties and their attorneys, and a notice that an appeal is taken "from the judgment or some specified part thereof." The enactment of Or Laws 1959, ch 558 was the last time that the Legislative Assembly made a deliberate decision that some aspects of the notice of appeal should be jurisdictional.

This court has not interpreted ORS 19.033 to mean that compliance with every detail specified anywhere in ORS 19.023 to 19.029 was necessary to give the appellate courts jurisdiction of an appeal. *Gordon Creek Tree Farms v. Layne,* 230 Or 204, 358 P2d 1062 (1962), held that failure to file the designation of record with the notice of appeal did not defeat appellate jurisdiction, although it was required by ORS 19.023. The court stated that the 1959 revision was based on the view that the procedural sins of attorneys should not be visited on their clients, and it concluded that it could excuse untimely performance of any of the required acts except the serving and filing of the notice of appeal. 230 Or at 210-211.

*Gordon Creek Tree Farms v. Layne, supra,* was followed in *Millard v. Mitchell Bros.,* 261 Or 165, 492 P2d 783 (1972), which held that appellate jurisdiction was not defeated by appellant's failure to designate the portions of the proceeding to be included in the record or the failure to include a statement of points on which appellant intended to rely on appeal. These requirements had been added to the contents of the notice of appeal by a 1971 amendment of ORS 19.029. That fact makes *Millard v. Mitchell Bros., supra,* important to the present decision.

If the statement in ORS 19.033 that compliance with ORS 19.023 to 19.029 is "jurisdictional" were applied mechanically, it would appear to sweep under ORS 19.033 every detail later added to one of the listed sections and deny an appeal to any party who missed one of the added requirements. But the court in *Millard* rejected that approach. Justice Denecke's opinion reviewed legislative history and the purpose of placing the designation of record and statement of points in the notice of appeal, and it concluded that these requirements were not intended to be jurisdictional. *Millard v. Mitchell Bros., supra,* 261 Or at 168-170.

*Pohrman v. Klamath Cty. Comm.,* already cited, followed these precedents to hold that an appellant's failure to

"affix" or "endorse" the proof of service when filing the original notice of appeal did not defeat appellate jurisdiction, overruling pre-1959 decisions to the contrary. The court noted that *Millard v. Mitchell Bros., supra,* had held the 1971 additions not to be jurisdictional under ORS 19.033 because they had been inserted only to speed the reporter's transcription of the record. Of the argument that affixing or endorsing proof of service at the time of filing the notice should be jurisdictional because the legislature did not change this requirement when it amended the statutes, the court wrote: "We believe we are now sufficiently sophisticated to know that this is doubtful reasoning, particularly as regards procedural legislation." *Pohrman v. Klamath Cty. Comm., supra,* 272 Or at 396-397.

Not every shortcoming in the content of the notice of appeal was excused, however. The notice must identify a judgment or other appealable order from which the appeal is taken. *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978). But the identification also may be found in a copy of the judgment attached to the notice of appeal, *Ensley v. Fitzwater,* 293 Or 158, 645 P2d 1062 (1982), and the Court of Appeals may determine the identity of the appealing party or parties from the entire document when a notice of appeal is textually faulty. *Street v. Gibson,* 295 Or 112, 663 P2d 769 (1983).

In sum, the court's decisions have held that ORS 19.033 in 1959 made "jurisdictional" only timely service and filing of a notice of appeal from a judgment or other appealable order. Other administrative requirements attached to the notice of appeal have been held extraneous to the jurisdictional provision of ORS 19.033(2), even though they appear in ORS 19.023 - 19.029 to which that section refers.

In 1959, filing with the "clerk," as required by ORS 19.023, constituted the way in which the judicial system was informed of an appeal. This was jurisdictional, along with notice to the parties. "Clerk" meant the county clerk as the ex officio clerk of the trial court. ORS 19.005(6).[1] But the filing

---

[1] ORS 19.005(6):

"(6) 'Clerk' means the county clerk of, and as such ex officio clerk of the trial court for, the county in which the judgment or appealable order is filed and entered or either."

Since the 1981 reorganization of the judicial system, the "trial court clerk" is the person designated pursuant to ORS 8.205 and ORS 8.215.

requirement was amended in 1981. Or Laws 1981, ch 177. The original notice of appeal with proof of service "indorsed thereon or affixed thereto" now must be filed with the Court of Appeals instead of the clerk of the trial court. ORS 19.023(3). This became the way in which the judicial system is informed of the appeal. The 1981 legislation transferred the filing requirement that this court has deemed "jurisdictional" within the meaning of ORS 19.033 from the trial court to the Court of Appeals.

Although ORS 19.023 no longer requires a notice of appeal to be filed with the county clerk, the 1981 amendment added requirements that the notice be served on "the clerk of the trial court" and "the trial court reporter if a transcript is designated in connection with the appeal." The briefs discuss who the clerk of the trial court is within the meaning of this amendment, and they point to the problems that arise when more than one court reporter, perhaps including part-time reporters, have recorded parts of the transcript that may be designated on appeal. These questions need not be decided now if the new service requirements are not jurisdictional. The problems they raise, however, make it more unlikely that either those who suggested these added service requirements or the legislators who adopted them contemplated the indirect creation of new jurisdictional requirements under ORS 19.033.

We are convinced that this was not contemplated. The legislative history shows that the added requirements of service on court reporters and clerks of trial courts originated with the staff of this court. The bill that made the 1981 amendments to ORS 19.023, SB 448, was proposed by the Senate Committee on Justice "at the request of Oregon Supreme Court." The only explanatory testimony, by court personnel, shows that the purpose of the service requirements was to alert the court reporters concerned with transcripts on appeal and to let the clerks of trial courts know of the appeal, although the notice does not call upon the clerk to do anything. As in *Millard v. Mitchell Bros., supra,* this is procedural legislation in which the legislature acts to accommodate needs perceived by the judicial branch rather than a policy agenda of its own, and it concerns the same kind of administrative details that were held not to be jurisdictional in *Millard.* In the light of that precedent, we think it is not surprising that it

occurred neither to the court's nor to the legislative committee's staff that any change in ORS 19.023 would automatically be swept into the "jurisdictional" requirements of ORS 19.033, which were much more limited when that section was enacted in 1959.[2]

We therefore hold that notice to court reporters and clerks of trial courts is not "jurisdictional" within the meaning of that section. The dismissal of the appeal by the Court of Appeals is reversed and the case is remanded to that court for further proceedings.

---

[2] For another recent example where we declined to hold that a later change in one statutory section produced an unintended consequence in an earlier statute, *see Bush v. Greyhound Lines, Inc.,* 295 Or 619, 669 P2d 324 (1983).