On respondents' motion to withdraw order on reconsideration filed April 5, motion denied September 14, reconsideration denied October 28, petition for review denied November 16, 1988 (307 Or 145)

HAWKINS et ux,
*Respondents,*

*v.*

CITY OF LA GRANDE,
*Appellant.*

WALLENDER et ux,
*Respondents,*

*v.*

CITY OF LA GRANDE,
*Appellant.*

(86-11-30872, 86-11-30873; CA A46891)

760 P2d 1346

W. Eugene Hallman, and Mautz, Hallman, & Devore, Pendleton, for the motion.

Mildred J. Carmack, and Schwabe, Williamson & Wyatt, Portland, *contra.*

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

Joseph, C. J.

## JOSEPH, C. J.

The issue is whether, under legislation enacted in 1987, ORS 19.034,[1] this court lacks authority to treat a petition for review as a petition for reconsideration when it has dismissed an appeal for lack of an appealable order or judgment before submission of an appeal for decision.

These cases were consolidated for trial, resulting in a jury verdict in favor of plaintiffs in each case. On October 9,

---

[1] ORS 19.034 provides:

"(1) Notwithstanding ORS 19.033, if any party or the trial court on its own motion, on receiving actual notice of the filing of the notice of appeal, raises the issue whether the decision being appealed is appealable, the trial court shall have jurisdiction to make a summary determination, with or without a hearing, whether the decision is appealable. As used in this section, 'decision' means any trial court ruling, either oral or written.

"(2) If the trial court determines that the decision is not appealable, the trial court, in its discretion, may proceed through entry of judgment or stay proceedings pending an appellate court determination of the existence of an appealable decision. The trial court may refer the question of the existence of an appealable decision to the court to which the appeal is taken. Neither an order by the trial court to proceed through entry of judgment, an order by the trial court to stay proceedings pending an appellate court determination, nor a trial court referral of the question of the existence of an appealable decision to the appellate court is appealable. However, on motion of any party or on its own motion the appellate court may stay proceedings in the trial court or stay any order or judgment entered by the trial court pending a final determination of appealability.

"(3) When a party by motion, the trial court by referral or the appellate court on its own motion raises the issue whether the decision is appealable, the appellate court may make a summary determination of the appealability of the decision. A summary determination of the appealability of a decision under this subsection is subject to review by the Supreme Court as provided in ORS 2.520 except that the petition for review shall be served and filed within 14 days after the date of the court's determination. Either the Court of Appeals or the Supreme Court may shorten the time period within which the petition for review shall be filed. A petition for review of a determination under this subsection shall not be treated as a request for reconsideration by the Court of Appeals. The Supreme Court shall expedite its review of the Court of Appeals' summary determination under this subsection.

"(4)(a) The trial court's authority to proceed with a case under subsection (2) of this section shall end when the appellate court has made an express determination that an appeal has been taken from an appealable order or judgment, all means for obtaining review of that determination under subsection (3) of this section have been exhausted, and the State Court Administrator at the direction of the court has mailed copies of the final appellate court determination to the trial court and the parties; otherwise, the trial court's jurisdiction shall continue.

"(b) No action by the trial court taken pursuant to subsections (1) and (2) of this section, except for entry of judgment, shall be void solely because an appellate court later determines that a notice of appeal was filed from an appealable decision."

1987, the trial court entered a judgment for plaintiffs in each case. The City of La Grande (City) timely moved for judgment notwithstanding the verdict or for a new trial. ORCP 63. By an order dated November 23, 1988, the trial court denied the motions. The order contained the captions and trial court numbers of both cases. On December 21, 1987, City filed a single notice of appeal, which identified the November 23 order as what was being appealed. The notice of appeal also contained the captions and trial court case numbers of both cases.

On our own motion we determined that the appeal must be dismissed, because an order denying a motion for judgment *n.o.v.* or for a new trial is not an appealable order. ORS 19.010; *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978). On December 30, 1987, before we had issued an order of dismissal, both sets of plaintiffs filed a joint motion to dismiss the appeal on the same ground.

On January 13, 1988, City filed a response to plaintiffs' motion. It argued that its appeal should be dismissed as premature or, alternatively, that the court should give the trial court leave to enter an amended judgment. City's request for relief was based on its contention that the judgment entered in each case was not final, because it did not dispose of all of the claims pleaded in the complaint.

On February 8, 1988, on our own motion, we dismissed the appeal. The order noted that, in view of the dismissal of the appeal on our own motion, no action would be taken on the parties' motions.[2] Unfortunately, the order also

---

[2] The order of dismissal reads:

"Appellant has appealed from a circuit court order which is not a final, appealable order under the provisions of ORS 19.010. The court on its own motion dismisses the appeal. *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978). In view of this order the court takes no action on appellant's and respondents' respective motions to dismiss. The appeals in case numbers A47064 and A47065 will proceed.

"Appeal dismissed."

Appeals numbered A47064 and A47065 arose from notices of appeal from the judgments entered in Union Circuit case numbers 86-11-30872 and 86-11-30873, respectively. It appears that plaintiffs' appeals were precautionary, because they contended in their notices and in a motion to dismiss filed in each case that the time for appealing from the October, 1987, judgments had expired. City argued that the judgments were not final, because they failed to dispose of one of plaintiffs' claims, and sought leave under ORS 19.033(4) to move the trial court for entry of an amended judgment. We agreed with City and entered an order in each case denying plaintiffs' motions to dismiss and allowed City's motions for leave under ORS 19.033(4). Subsequently, the trial court entered corrected judgments, and new and timely notices of appeal were filed with respect to those judgments. Those appeals are in abeyance pending resolution of this case.

stated that "[a]ppellant has appealed from a circuit court order which is not a *final,* appealable order * * *." (Emphasis supplied.) The emphasized word was incorrect. The defect in City's appeal was not that the order denying the motions for judgment *n.o.v.* or a new trial lacked finality, but simply that it was not appealable.

City petitioned for review of the order of dismissal. Pursuant to ORAP 10.10(1),[3] we treated the petition as a petition for reconsideration. We allowed reconsideration, noted that the order of dismissal mistakenly characterized the order being appealed as not final, allowed plaintiffs' motion to dismiss on the ground that the order was not appealable and affirmed the order of dismissal as modified.[4] The new order also denied City's motion to dismiss its appeal or, in the alternative, for leave under ORS 19.033(4).

Plaintiffs have now moved for withdrawal of the order on reconsideration on the ground that the court was without jurisdiction to enter it under ORS 19.034. Or Laws 1987, ch 712, § 2. Testimony given during the House Judiciary Committee's consideration of the legislation shows that its final form resulted from a compromise between the Judicial

---

[3] ORAP 10.10(1) provides:

"A petition for review under Rule 10.05 constitutes a petition for reconsideration by the Court of Appeals. The Supreme Court will not consider any petition for review until the Court of Appeals has disposed of all timely petitions in a case."

[4] The order on reconsideration reads:

"By order dated February 8, 1988, the court on its own motion dismissed this appeal and noted that no action would be taken regarding respondents' and appellant's respective motions. Appellant has petitioned for reconsideration of the court's decision. The petition is allowed.

"Respondents' motion was to dismiss the appeal on the ground that the appeal was taken from a nonappealable order. The court dismissed the appeal on the same ground but mistakenly included a reference to the order as being not final as well. On reconsideration, we allow respondents' motion and dismiss the appeal solely on the ground that the order from which the appeal is taken is a not an appealable order. ORS 19.010; *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978). The 1985 amendments codified at ORS 19.033(2) did not change the existing jurisdictional requirement arising from ORS 19.010 that an appeal be taken from an appealable judgment or order.

"Appellant has moved to dismiss the appeal or, in the alternative, for leave under ORS 19.033(4) for entry of final judgment, on the ground that the appeal was premature. Both motions are denied.

"Petition for reconsideration allowed; order of dismissal adhered to as modified."

Department and the Department of Justice concerning the problem of notices of appeal from nonappealable orders.[5] The Judicial Department's interest related primarily to a variety of administrative problems resulting from dismissal of appeals as premature. The Department of Justice's interest related primarily to criminal cases, because a notice of appeal filed just before or during a trial could severely disrupt the orderly disposition of criminal cases by depriving the trial court of jurisdiction. That concern resulted in the provisions of subsection (3) to the effect that, when the Court of Appeals makes a "summary determination of the appealability" of a trial court decision, a petition for review of that determination goes directly to the Supreme Court and is not treated as a petition for reconsideration by the Court of Appeals. The question is whether *every* determination by this court of whether a trial court decision is appealable is a "summary determination" that invokes the special provisions of ORS 19.034.

■ ■ We conclude that this court was, and is, generally intended to serve in the role of appellate gatekeeper and that a determination of the appealability of a trial court order is a "summary determination" subject to ORS 19.034(3) *only if* this court specifically denominates the order as such. ORS 19.034(3) is meant to be invoked only when there is a need for expedited consideration of the appealability of an order, such as when an appeal has been filed in the course of trial court proceedings before judgment. If a case has been totally resolved in the trial court, as this one has, there is no need to invoke the expedited consideration provisions of the statute.

Plaintiffs argue that, even though the Supreme Court may be required to give the petition expedited consideration under ORS 19.034(3), there is nothing to prevent this court from clarifying its ruling while the matter is pending in the other court. We decline the invitation to claim the statutory authority to muddy the waters by having two courts consider the same order of dismissal at the same time. We properly treated the petition for review as a petition for reconsideration.

Motion denied.

---

[5] *See, e.g., Murray Well-Drilling v. Deisch,* 75 Or App 1, 704 P2d 1159 (1985).