*[307]
 
 TANZER, J.
 

 The wife appeals the property division provisions of a decree of dissolution of a 20-year marriage. The one child of the marriage is beyond the age of support. The wife was awarded most of the furniture, each party was awarded an automobile and personal effects, and the husband is obligated to pay $2,470 in family debts.
 

 The principal asset of the marriage is a $35,000 equity in the family home.
 
 [1]
 
 The decree provided simply that the parties "are to remain as owners of that real property as tenants in common.” When counsel for the wife wrote to the court protesting and asking for clarification of the decree, the court wrote back explaining its position:
 

 "In deciding this case and based upon the testimony, it was my feeling that the parties have equal right to the properly and neither party should have a superior right. Therefore, I wanted to leave them as tenants in common, and not set down any specific requirements as to who has the right to live in the home and who has the obligation to make the payments.
 

 "As far as I am concerned, this matter is going to have to be worked out between the parties and their attorneys.”
 

 On appeal de novo, we agree with and affirm all provisions of the decree except for the disposition of the family home. The purpose of trial and appeal is to resolve matters which the parties and their attorneys have been unable to work out. The purpose of the decree of dissolution is to separate the parties and, so far as is possible, to disentangle their respective property so that they may plan for the future.
 
 Slauson and Slauson,
 
 29 Or App 177, 183-84, 562 P2d 604 (1977). An award of property to separating people as tenants in common does neither and, absent special circumstances, should be avoided.
 

 
 *[308]
 
 The wife desires to continue living in the family home with the daughter. The husband desires to have his share of the equity in the house. We shall attempt to accommodate the reasonable desires of both parties.
 

 Therefore, we modify the decree by awarding the house to the wife upon condition that she pay to the husband the sum of $17,500 within 120 days of the entry of the new decree pursuant to the mandate. If that condition is not met, then the house is to be sold forthwith and the net proceeds be divided evenly between the parties.
 

 Affirmed as modified. No costs to either party.
 

 [1]
 

 The parties agree generally that the valuation was between $50,000 and $55,000, subject to a $20,000 unpaid mortgage. We accept the higher valuation, leaving an equity of $35,000.