Argued October 18, 1978, affirmed as modified; remanded for entry of a new decree January 29, 1979

## In the Matter of the Marriage of
## KILPATRICK, *Appellant,*
### *and*
## KILPATRICK, *Respondent.*
## (No. 77-1394-E, CA 11385)

589 P2d 1153

Karen C. Allen, Medford, argued the cause for appellant. With her on the brief was Frohnmayer, Deatherage, Foster & Purdy, Medford.

Michael Brian, Medford, argued the cause for respondent. With him on the brief was Blackhurst, Hornecker, Hassen & Brian, Medford.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Husband appeals various portions of the decree of dissolution entered May 25, 1978. The decree granted the husband custody of the parties' three children, ages 9, 10½ and 14½, visitation to the wife of alternate weekends and holidays and six weeks in the summer, spousal support to the wife of $300 per month for the first two years and $200 per month for the second two years, and ordered the husband to sell the parties' real property within 90 days and convey three-quarters of the net proceeds to the wife. Our review is de novo. ORS 19.125(3).

Husband first challenges the award to the wife of six weeks unsupervised visitation in the summer. He argues that the wife is unfit to be left alone with the children because of an unsavory incident during the period the marriage was disintegrating, and requests that her visitation be shortened and kept under the supervision of some responsible third party.

The best interests of the children is the paramount consideration in setting the conditions of visitation. *Pergament and Pergament,* 28 Or App 459, 559 P2d 942 (1977). Allowing the noncustodial parent to have school-age children for part of the summer vacation is ordinarily desirable to promote a strong relationship with the noncustodial parent, *McGetrick v. McGetrick,* 204 Or 645, 284 P2d 352 (1955), and allows the parent to know and share the love of the child, *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974). However, the incident complained of by the father, which need not be detailed here, *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973), was a gross lapse of parental responsibility which demonstrates dangerously bad judgment on the part of the wife. Under the circumstances, extended visitation is not appropriate at this time, although in the future the decree may be modified according to experience. For now, weekend and holiday visitation are adequate and the decree is modified to delete the provision for summer visitation.

■ We will not require the wife's visitation to be supervised by a third person. The only case approving such a restriction involved a noncustodial father with a prison record who was in and out of mental hospitals and using opiates. *West v. West,* 6 Or App 128, 487 P2d 96 (1971). That case does not yield a rule of law applicable to the present controversy. The provision requiring that visitation be supervised should be deleted. The husband may apply for modification if problems arise.

■ Husband next challenges the trial court order to sell the parties' real property within 90 days and convey three-quarters of the net proceeds to the wife. He also contends that the order for spousal support is too large and too lengthy. Property division and spousal support should be considered together in order to put the parties in a self-sufficient position upon leaving the marriage. *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977).

■ Generally, we allow the spouse who is awarded the property an opportunity to pay an equitable lump sum to the other spouse. *See, Rislove and Rislove,* 31 Or App 305, 570 P2d 403 (1977). Here, the evidence is insufficient to enable us to evaluate the property and to fix an amount to be paid. Therefore, on the state of this record, sale of the property is the most equitable means of distribution of the marital estate. As to the division of the proceeds, we are guided by ORS 107.105(1)(e) which establishes a "rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage." Neither party rebutted the presumption in this case. Moreover, where husband gets custody and no child support, it is normally appropriate that he receive at least half the value of the property. The decree is hereby modified to award the property to the husband upon condition that it be sold within 120 days of the entry of the new decree and the net proceeds divided equally between the parties.

■ As to spousal support, the general standard is that it be in an amount and for a period of time that would be just and equitable considering the factors set out in ORS 107.105(1)(c).[1] The record produces only a sketchy picture of family finances and the present needs of the parties. The marriage lasted 16 years. The wife is 34 years of age and in good health. She has received an economic benefit to the extent she has been relieved of her obligation to support the children. She claims personal expenses of $365 per month and her only source of income is from unskilled labor such as babysitting and housecleaning. Although unskilled, she is not too old to be trained for a gainful occupation. She claims she would like to become a medical technician but has not revealed a definite plan. The husband is 42, also in good health. He was recently elected to his first public office. His salary of approximately $18,000 now exceeds that of his former jobs in lumber mills, but the record does not reveal the amount of his former pay. The husband has assumed all the family debts, approximately $6,500, and has the financial responsibilities of raising and educating the three children. He claims present expenses of $1,263 per month and shows a net income of $1,316 per month.

■ Considering that the husband's income is barely sufficient to raise and educate the children, that his

---

[1]ORS 107.105(1)(c) requires that support be in an amount and for a period of time that would be just and equitable considering the following factors:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them;

"(H) The need for maintenance, retraining or education to enable the spouse to become employable at suitable work or to enable the spouse to pursue career objectives; and

"(I) Such other matters as the court shall deem relevant."

[ 163 ]

equity in the property (approximately $9,000 based on assessed value) exceeds the outstanding family debts by only $2,500 and that the wife is able-bodied and capable of supporting herself, the support award should be reduced to $200 a month. As to the duration of support, limiting it to two years would "further the goal of ending the support-dependency relationship within a reasonable time * * * without injustice or undue hardship." *Grove and Grove,* 280 Or 341, 353, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1970). The decree is modified accordingly.

Affirmed as modified and remanded for entry of a new decree. No costs to either party.