Argued and submitted October 16, 1981,
affirmed as modified July 8, 1982

In the Matter of the Marriage of

## BLACKLAW,
*Respondent,*
*and*
## BLACKLAW,
*Appellant.*

(No. 15-80-02064, CA 19765)

648 P2d 855

Michael L. Williams, Eugene, argued the cause for appellant. With him on the brief was Johnson, Harrang & Swanson, Eugene.

Scott Galenbeck, Springfield, argued the cause for respondent. With him on the brief was Wiswall, Svoboda, Thorp & Dennett, P.C., Springfield.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

## JOESPH, C. J.

■ Husband appeals from a dissolution decree, claiming that the trial court erred in awarding wife an excessive portion of the marital assets and in improperly valuing several of the assets. He also assigns as error the court's refusal to grant his motion for a new trial based on his claim that the judge's "social relationships" with wife, her expert witness and a partner in her attorney's law firm were improper. Because we find that the allocation and valuation of the marital assets were not colored by those relationships, we address only the first two assignments.[1]

This thirteen-year marriage was both parties' second. Wife brought to the marriage the family home, with an equity of $2,000, which she had retained after her first divorce. Husband brought an automobile worth $2,000. Both parties worked full-time throughout the marriage, except for a period of three years when wife stayed home to raise her three children and husband's two from the previous marriages. Their salaries were comparable. Less than one year before the hearing, the parties took out a second mortgage for $25,000 on the home and used $15,000 of the proceeds to purchase a lot in Newport.

The trial court's valuation and disposition of the assets at issue were as follows:

### Wife

| | |
|---|---:|
| Judgment against husband | $ 9,203 |
| Home (equity) | 30,457 |
| 1974 Pontiac Firebird | 900 |
| Canoe | 175 |
| Arc welder | 600 |
| Retirement fund | 7,865 |
| | $49,200 |

[1] Before trial, the judge disclosed that he recognized wife, but he could not place how he knew her. They discovered that he was a student computer operator and wife the receptionist at the computer center at the University of Oregon from 1966 to 1968. He also disclosed that he and Tom Yates, a real estate appraiser for wife, were "pretty good friends." He offered to take himself off the case if husband had any hesitancy about these "relationships." Saying that Yates was also a personal friend of his, husband agreed to have the judge try the case.

After the trial, husband discovered that the judge was a personal friend of a partner in wife's attorney's law firm. Husband's motion for reconsideration of his motion for a new trial was based on a claim of surprise. He claims that the cumulative effect of this friendship, together with the other relationships, denied him a fair trial. From our review of the record, we are persuaded that that is not so.

### Husband

| | |
|---|---:|
| Judgment to wife | $ (9,203) |
| Coast property | 30,000 |
| 1970 Datsun pickup with canopy | 1,200 |
| Motor home | 8,000 |
| Volkswagen | 400 |
| V-Jeep | 3,000 |
| Boat trailer | 750 |
| Bonds | 1,350 |
| Tools and parts | 4,500 |
| | $39,997 |

No spousal support was requested.

■ Husband first argues that, assuming the court's valuations are correct, wife received a disproportionate share of the marital estate by $9,203. He claims that in a marriage of this duration the goal of the court is to put "the parting spouses in the same economic position they would enjoy had there been no dissolution, insofar as circumstances and other equitable considerations permit." *Norris and Norris,* 51 Or App 43, 51, 624 P2d 636, *rev den* 291 Or 151 (1981); *Frishkoff and Frishkoff,* 45 Or App 1033, 1041, 610 P2d 831 (1980). In the present case, the court purported to make an equal division of the assets.[2] Omitting the judgment, husband received $9,203 more in assets than wife, according to the court's valuations. Thus, to equalize the allocation, wife should have received only one-half of that, or $4,601, as a judgment against husband. To correct the mathematical error, we reduce wife's judgment to $4,601.[3]

---

[2] He stated:

"I'll endeavor to make a division that I think is equitable — and equal to both of you."

[3] In colloquy regarding the question of spousal support, the court stated:

"I was contemplating from what I heard in opening statement the division of property was really more important here. And if there was an equitable way to divide the property, that spousal support was really not — since they both end up making the same amount, and we don't have a retraining program or a woman who's in ill health and that sort of classic situation.

"Quite frankly, if I find that there's an inequity in the division because of the very nature of the assets and some are worth more than others, I don't

■ Husband next argues that the court incorrectly valued several of the assets. His primary concern is with the $30,000 valuation of the coast property. At the time of the hearing, the property had not yet been approved for a septic system. Because wife valued the lot at $38,500 and husband at $15,000, the court ordered an independent appraisal. Husband claims that that appraisal was $28,000, based on an assumption that septic system approval would be forthcoming within seven years. However, our reading of the appraiser's report is that he valued the property at $47,500, conditioned on the approval of a sewage disposal system, and $28,000 "conditional upon *no* present approval of a sewage disposal method" and assuming "a seven year holding period of non use." Thus, we do not find that the court's $30,000 valuation was improper.

■ As to the other assets at issue (the cars, truck, motor home and jeep), neither party produced any evidence regarding their value except their own testimony. Thus, the question of value was one of credibility, and we defer to the trial court's findings. *See McCoy and McCoy,* 28 Or App 919, 924, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977).

■ Husband also argues that the court did not take into account $5,000 of his "emotional value" in the residence awarded to wife. We find no basis in the record for a $5,000 or other figure for "emotional value."

The decree is modified by reducing wife's judgment against husband to the amount of $4,601 and, as modified, affirmed. No costs to either party.

---

even know if I characterize it as spousal support. I just may characterize it as a cash transfer.

"* * * * *

"But I'd rather work it out with the asset transfers, and maybe if there's a big bundle on one side that — well, let's assume you had only two pieces of property only. And one was worth twenty thousand and one was worth eighty thousand. I wouldn't think in this case, with the incomes they are, necessary to have to have spousal support to make up the difference. But rather a note transfer or a creation of a debt between the parties."

The above passages indicate the court's intention to divide the assets as equally as possible and to make up any difference with a judgment.