Argued and submitted February 16, affirmed as modified September 21, 1983

In the Matter of the Marriage of

COATS,
*Appellant,*

*and*

COATS,
*Respondent.*

(27237; CA A24896)

669 P2d 370

Kevin O'Connell, Portland, argued the cause for appellant. With him on the brief were Lynn R. Stafford, and O'Connell, Goyak & Krage, P.C., Portland.

Warren John West, Bend, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Husband appeals from a dissolution decree, claiming that the trial court erred in the distribution of specific marital assets by awarding wife an excessive portion of the total assets, in awarding wife permanent spousal support and in fixing the amount of child support he is required to pay. We modify the distribution of property, delete permanent spousal support and affirm the award of child support.

The parties were married 12 years. They have three children, one age 9 and twins age 8. Husband is also the non-custodial parent of three children by a prior marriage. Husband brought approximately $10,000, a pickup and numerous tools to the marriage; wife brought a car. At the time of the parties' marriage, husband was working for his brother on construction jobs. About two years later, husband started a sole proprietorship construction business, which he later incorporated. Husband primarily contracts bridge construction for governmental units and sub-contracts related work.

For the first two years of the marriage, wife worked in a bank as a proof operator and teller. When the business was started, she performed bookkeeping and telephone answering services for it. After the birth of their children, she worked primarily as a homemaker and mother but continued to answer the business telephone after hours. She has a high school diploma and is presently attending a community college. During the marriage, she obtained a pilot's license, a real estate license and a commodities broker's license. Her vocational training, however, has not contributed to the assets of the parties.

The trial court's net valuation and disposition of the assets of the parties resulted in an award to husband of property valued at $600,696 and to wife of property valued at $421,800. Included in the award to husband was Douglas Coats Corporation stock valued at $354,866.[1] Husband was also

---

[1] Husband notes that the trial court, in its oral order, stated that the valuation of the corporate stock was computed by deducting corporate liabilities of $629,000 from assets of $974,270. He argues that this results in a net equity of $345,270. The record, however, reflects corporate liabilities of $619,404. It appears that the trial court arrived at the net value of $354,866 by deducting liabilities of $619,404 from assets of $974,270. We find no error in the valuation of the stock at $354,866.

ordered to pay certain of wife's bills and loan payments on real estate awarded to wife. Those obligations totaled $7,258.

We note initially that the trial court based its distribution on a finding that an equal distribution of property was justified. The court found that the parties started with minimal assets and that the wife took some part in the business, as well as maintaining the home and caring for the children. We reject husband's contention that an equal distribution is unfair merely because the assets were accumulated mainly through his success in the construction business. The court is required to consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets; there is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage. ORS 107.105(1)(e); *see Engle and Engle,* 293 Or 207, 646 P2d 20 (1982). Husband failed to rebut the presumption that wife contributed equally to the acquisition of the marital assets. An equal distribution is equitable under the circumstances of this case.

Husband correctly argues, however, that the trial court committed a mathematical error in computing the judgment awarded to wife. The trial court calculated the net awards to husband and wife to be $600,696 and $421,800 respectively. The difference between them is $178,896. The trial court then awarded wife a judgment in that amount. Although the court meant to make an equal division of the assets, the judgment resulted in wife receiving an award of $600,696 and husband receiving $421,800. To equalize the allocation, wife should have received a judgment of only one-half of the difference in value between the assets awarded to husband and those awarded to wife. *See Blacklaw and Blacklaw,* 58 Or App 89, 648 P2d 855 (1982).

We agree, too, with husband's contention that the trial court erred in awarding him certain fuel storage equipment and pumps located on the business property awarded to wife. Our review of the record convinces us that the asset at issue is an underground storage facility and pumps permanently affixed to the real estate. The value of $12,400 assigned to them by the trial court is the amount that husband's expert appraiser attributed to them in appraising the value of the

business property.[2] For reasons that do not appear in the record, the trial court awarded the facilities to husband, although the business property was awarded to wife. "* * * We will not modify a property division unless we are convinced that we can make a significantly preferable disposition than that made by the trial court. * * *" *Pullen and Pullen,* 38 Or App 137, 142, 589 P2d 1145, *rev den* 286 Or 449 (1979), but here we find it unreasonable to require a severance of the fuel facilities from the business property. Accordingly, they are awarded to wife.

Additionally, husband argues that the trial court failed to consider the fact that husband was ordered to pay certain bills on behalf of wife, totaling $7,258. In furtherance of the trial court's equal distribution scheme, this obligation should be deducted from the value attributed to the assets awarded to husband.

Taking into account the above modifications, husband is awarded assets of $588,296 and must assume an obligation of $7,258, for a net award of $581,032. Wife is awarded net assets in the amount of $434,200. The difference between the awards is $146,832. A judgment of $73,416 will equalize the property distribution to the parties. We therefore modify the judgment awarded wife to that amount.

We have considered husband's remaining assignments of error relating to the distribution of property: (1) the award of the business property to wife, (2) the award of the residence to husband, (3) the award of Dice Construction stock to husband and (4) the values asigned to the livestock, real estate and Coat's Construction Co., Inc. We find these assignments lacking in merit. The trial court's distribution and valuation of those assets is affirmed.

Husband next contends that the amount and duration of spousal support are inappropriate. He was ordered to

---

[2] At trial, husband testified that neither he nor wife owned certain *mobile* fuel tanks and pumps that were stored on the business property. On appeal, he renews this argument. In response, wife argues that husband should be bound by the report of his appraiser. We find no evidence in the record to suggest that the underground fuel storage equipment and pumps are not a part of the business property. Therefore, we agree with the trial court's apparent conclusion that they are an asset of the marital estate.

pay $1,000 a month for two years and permanent spousal support in the amount of $500 a month thereafter.

 The general standard for spousal support is that it be "in an amount and for a period of time that would be just and equitable considering the factors set out in ORS 107.105(1)(c)." *Kilpatrick and Kilpatrick,* 38 Or App 159, 163, 589 P2d 1153 (1979). Those factors are:

"* * * * *

"(A) The duration of the marriage;

"(B) The age of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them;

"(H) The need for maintenance, retraining or education to enable the spouse to become employable at suitable work or to enable the spouse to pursue career objectives; and

"(I) Such other matters as the court shall deem relevant." ORS 107.105(1) (c).

The most significant consideration, usually, is whether the wife's income can provide a standard of living not overly disproportionate to what she enjoyed during the marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 (1974). In this case, the marriage lasted 12 years. The wife was only 33 years old at the time of trial and was in good health. Her work experience had been limited to clerical positions, but she had acquired and is capable of learning other employment skills. As noted, she had obtained a pilot's license, a commodities broker's license and a real estate license.

Wife argues that she cannot pilot aircraft because of a vision problem, that she will not deal in commodities because

she finds it too stressful[3] and that she has never worked as a real estate salesperson. We note that, even if wife does not pursue those specific types of employment, she has demonstrated an ability to acquire skills usable in gainful employment. Moreover, she has been awarded substantial assets with a potential for income production.

Under these circumstances an award of permanent spousal support is inappropriate. Wife's income from employment and the assets awarded her can provide her with a standard of living "not overly disproportionate" to what she enjoyed during the marriage. She may not be able to maintain an unchanged standard of living, but that is not usually possible. *Grove and Grove, supra,* 280 Or at 350; *Frishkoff and Frishkoff,* 45 Or App 1033, 1045, 610 P2d 831 (1980). We conclude that spousal support should be limited to five years. This should allow wife ample time to acquire appropriate employment skills and secure employment.

■ We reject husband's argument that the amounts of spousal support payments are excessive. As sole owner of the corporation, he directs it to pay him an annual salary of $40,800. He has regularly received additional economic benefits from the corporation, including the purchase of horse trailers personally used by him, the payment of wages to corporate employes to care for his horses and house and payments for farm equipment rental. The corporation has consistently generated profits and has substantial retained earnings. We do not agree with husband's contention that a greater withdrawal of salary, if necessary to meet his support obligations, would overburden the corporation. *See Haguewood and Haguewood,* 292 Or 197, 638 P2d 1135 (1981). The amount of spousal support awarded is appropriate. The trial court's decree is modified to award wife spousal support in the amount of $1,000 a month for two years and $500 a month for the following three years.

■■ Husband's final contention is that the trial court erred in determining the amount of child support. He was required to pay $350 per child per month, a total of $1,050. In a dissolution proceeding, the trial court has the power to order a

---

[3] During a period of about two years, wife lost approximately $100,000 in the commodities market.

non-custodial parent to contribute toward the support of children of the parties such amount as may be just and proper. ORS 107.105(1)(b). We find the amount awarded to be just and proper. The portion of the decree relating to child support is affirmed.

■■■ Wife attempts to raise additional issues by way of cross-appeal. However, a notice of cross-appeal as required by ORS 19.026(3) was not filed. Consequently, it is not appropriate for this court to consider them. ORS 19.033(2); *see Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978); *Pohrman v. Klamath Co. Comm.,* 272 Or 390, 538 P2d 70 (1975). We express no opinion on the merits of her claims of error.

The decree is modified to award wife the underground fuel facilities and pumps located on the business property awarded to her, to reduce the judgment awarded to wife from $178,896 to $73,416 and to terminate spousal support after five years from the date of the decree; affirmed as modified. No costs to either party.