Argued and submitted July 10, 1987, affirmed as modified April 6, 1988

In the Matter of the Marriage of

RIGGS,
*Respondent,*
*and*

RIGGS,
*Appellant.*

(15-85-07708; CA A41068)

752 P2d 336

F. William Honsowetz, Eugene, argued the cause for appellant. With him on the brief were John Mark Mills and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Mary Ann Bearden, Eugene, argued the cause for respondent. With her on the brief were Bearden & Weinstein, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband appeals from a judgment of dissolution. He assigns as errors that the court awarded wife spousal support and one-half of his retirement pension. We modify the judgment and affirm it as modified.

Husband, age 56, and wife, age 51, were married for 33 years. They have six adult children. Husband has a high school education. In 1984, he retired from his job, which he had held for 32 years, as a mechanical equipment installer working on telephone systems for Western Electric. He continues to live in Halfway, where he and wife moved from Clackamas in 1979. He is a member of the National Guard and travels to Portland one week a month for guard duty.

Wife worked as a full-time homemaker until 1966, when the youngest child was five years old. She then worked part-time as a salesperson. In 1968, she returned to school. While working part time, she attended Clackamas Community College for two years and then Marylhurst College, from which she received a bachelor's degree in education. She taught at private schools in the Portland area from 1973 to 1979 and continued her education during the summers at the University of Portland, from which she received a master's degree in 1978. From 1979 to 1984, she taught in a high school in Halfway. In 1985, she entered a master's degree program in special education at the University of Oregon. At the time of trial, wife was still in school and expected to receive her master's degree in a year, was not employed and had not secured employment for the following school year.

Wife has monthly expenses of approximately $1700; husband has monthly expenses of approximately $1200. He earns approximately $180 per month from the National Guard and receives $902 gross ($783 net) monthly from the Western Electric Bell System American Telephone and Telegraph Pension Plan. The parties own real property in Clackamas, where they lived until they moved. Their equity in the property is approximately $70,000.

Although wife asked for permanent spousal support in her petition, she testified that she only wanted short term support until she became employed. She asked that she receive one-half of husband's pension benefits and that the

Clackamas property be sold and the proceeds be put in trust for the couple's mentally retarded daughter. Husband asked that the Clackamas property be sold and the proceeds be split between them.

The court ordered that the Clackamas property be sold and that husband and wife share the net proceeds equally. It ordered husband to pay, apparently permanently, spousal support to wife "in the amount of one-half of any and all amounts he received from the National Guard." The court also found that husband's pension benefits are marital assets to which husband and wife contributed equally, that the benefits are fully vested and that husband is receiving monthly payments. The court ordered that wife receive one-half of the benefits as they are paid.[1]

Husband argues that his employment skills are obsolete and that he cannot reasonably expect to find employment above the minimum wage. Wife asserts that husband could have earned $20,000 to $22,000 per year if he had taken a job in New York, rather than retire, when Western Electric offered him a choice between the two alternatives. She asserts that he would have a better chance of finding employment if he would leave Halfway. Apparently there is no employment for husband there, but he chooses to stay. Wife contends that husband does not want to work.

Husband contends that wife can anticipate employment at over $21,000 per year. She agrees that, if she can find employment, she will be able to support herself, but she fears that her age will be a factor in finding employment. She also argues that, even if she finds employment, she will not be able to provide for her own retirement.

We agree that both parties contributed equally to the

---

[1] The judgment specifies:

"[Wife's] one-half interest in and to the Plan is in any form in which the benefits are to be paid under the Plan to the participant and said alternate payee's payments are to commence immediately and be payable at such times as participant is entitled to receive his payments under the Plan.

"[The Plan] shall pay directly to alternate payee her one-half (1/2) share of the benefits each month hereafter so long as participant is entitled to receive benefits under the Plan."

It also takes into account the tax consequences of that decision.

acquisition of the marital assets, including husband's pension benefits, and that they should be divided equally. *See Coats and Coats,* 64 Or App 594, 597, 669 P2d 370 (1983). The court erred, however, when it ordered husband to pay permanent spousal support. Although permanent spousal support is often appropriate in a marriage of this duration, wife acknowledges that she is seeking only short term support. Moreover, both parties are employable. Considering the parties' ages, health, working experience, finances, earning capacity, need for career retraining and wife's acknowledgement that she seeks only short term spousal support, she should receive spousal support only for one year to allow her to finish obtaining a master's degree.

Paragraph 5 of judgment is modified to provide that husband pay spousal support for one year in the amount of one-half of all amounts that he receives from the National Guard; affirmed as modified. No costs to either party.