**6**

Bill D. PIERCE and Sandra P. Pierce,
Plaintiffs–Appellants,

v.

UNITED BANK OF DENVER, N.A.,
Defendant–Appellee.

No. 84CA0909.

Colorado Court of Appeals,
Div. C.

Jan. 19, 1989.

Rehearing Denied March 2, 1989.

Certiorari Denied Sept. 5, 1989.

Gary S. Cohen, Denver, for plaintiffs-appellants.

Holme Roberts & Owen, John R. Webb, Linnea Brown and Katherine J. Peck, Denver, for defendant-appellee.

KELLY, Chief Judge.

The plaintiffs, Bill D. Pierce and Sandra P. Pierce, appeal the judgment of the trial court dismissing their claims for conversion, monies had and received, and outrageous conduct against defendant, United Bank of Denver, and the award of attorney fees and costs to the bank. We agree with the plaintiffs' assertion that the trial judge should have disqualified himself and, therefore, reverse.

The plaintiffs' case-in-chief took three weeks to present. At the end of the second week, the judge informed the parties, counsel, and the jury that the trial would resume on the following Tuesday afternoon, the next business day, because he had received "some sad news with regard to a friend's death" and would be attending the funeral Tuesday morning. It was later revealed that the judge's deceased friend was the wife of the chairman of the board and chief executive officer of United Bank.

Predictably, the first order of business on Tuesday afternoon was the plaintiffs' motion to disqualify the judge. The motion was made orally and was supported by the testimony of Mr. Pierce:

"We both feel we are outraged by the miscarriage of justice that we have seen so far. We have asked for a trial by jury and, so far, the jury has not been able to hear any evidence against United Bank. As soon as testimony is started against United Bank, it is squashed, [sic] everyone goes into Chambers and the jury is not allowed to hear anything.

"At the beginning of this trial, I saw several jurors who were disqualified because they had certain strong feelings about banks in general. I feel at that

point, the Judge, of all people, should understand prejudices and biases, and should have withdrawn at that point. And then, last Friday, when we found out he was the—a close personal friend of the chairman of the board at United Bank, our suspicions really came to us and hit home.

"And then I find out the Judge carpools with this person, in addition. I've carpooled for ten years, I know what people talk about in a carpool. I just see no way that the Judge could be completely impartial in this case when he is a personal friend of the head of United Bank."

During the hearing, the judge acknowledged that the chairman of the board was a "close, personal friend" and that "other people that are extremely close friends of mine [work] at that bank." However, the court denied the plaintiffs' motion because it concluded the friendship of the judge with an officer of a corporate party was an insufficient ground to warrant disqualification. The trial resumed. At the end of the plaintiffs' case-in-chief, the trial court granted United Bank's motion to dismiss.

We agree with the plaintiffs' contention that the trial judge erred in not disqualifying himself from presiding in this action.

Courts must meticulously avoid any appearance of partiality. *People v. District Court*, 192 Colo. 503, 560 P.2d 828 (1977). Although the trial judge believes in his own impartiality, it is the court's duty to "eliminate every semblance of reasonable doubt or suspicion that a trial by a fair and impartial tribunal may be denied." *Zoline v. Telluride Lodge Ass'n*, 732 P.2d 635 (Colo. 1987). A judge shall be disqualified in an action in which he is interested or prejudiced, or is so related or connected with any party or his attorney as to render it improper for him to sit on the case. C.R. C.P. 97.

■ To be legally sufficient, a motion and supporting affidavits seeking recusal of a judge must allege facts from which it may reasonably be inferred that the judge is prejudiced or biased, or appears to be prejudiced or biased, against a party to the litigation. *S.S. v. Wakefield*, 764 P.2d 70 (Colo.1988). Also, in ruling on the sufficiency of such a motion, the trial judge must accept the factual statements in the motion and affidavits as true, even if he believes them to be false or erroneous. *Wright v. District Court*, 731 P.2d 661 (Colo.1987).

■ Here, the trial court was correct in its conclusion that the mere friendship of a judge with an officer of a corporate party, standing alone, is an insufficient ground to warrant the judge's disqualification. *See Marriage of Blacklaw*, 58 Or.App. 89, 648 P.2d 855 (1982); *Kobos v. Sugden*, 694 P.2d 110 (Wyo.1985). The critical problem here, however, is that the judge's recess of the trial to attend the funeral and his habit of carpooling with the bank official, taken together with his own description of the "close, personal" nature of his friendship with this bank employee and others, creates an *appearance* of impropriety.

No stretch of the imagination is necessary to read Mr. Pierce's testimony as alleging that, because of the judge's friendship, he had favored the Bank in his rulings on evidentiary questions, though none of these rulings have been asserted as error on appeal. The testimony also implicitly alleges that the carpool was a forum for *ex parte* communications with the bank official. The judge was required to accept these factual statements as true, and, on that basis, they were sufficient to warrant the judge's disqualification. *See Zoline v. Telluride Lodge Ass'n, supra;* C.R.C.P. 97; Code of Judicial Conduct Canons 2 and 3(C); *cf. S.S. v. Wakefield, supra.*

In view of this conclusion, we need not consider the other issues raised on appeal. *See Beckord v. District Court*, 698 P.2d 1323 (Colo.1985).

The judgment is reversed and the cause is remanded for a new trial.

CRISWELL and JONES, JJ., concur.