398 February 19, 2026 No. 137

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Andrea Nichole FIRPO,
*Petitioner-Respondent,*
*and*

Craig Bruce FIRPO,
*Respondent-Appellant.*

Multnomah County Circuit Court
21DR18979; A182552

Francis G. Troy II, Judge.

Argued and submitted December 5, 2025.

Thomas A. Bittner argued the cause for appellant. Also on the briefs were Morgan R. Terhune and Schulte, Anderson, Downes, Aronson & Bittner, P.C.

Daniel S. Margolin argued the cause for respondent. Also on the brief were Xian-Ling R. Woram and Margolin Family Law.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Reversed and remanded.

**JACQUOT, J.**

Husband appeals from a corrected general judgment of dissolution of marriage that included a division of the parties' assets and a maintenance spousal support award payable by husband to wife. The parties each presented to the trial court a division of assets worksheet under UTCR 8.010.[1] The trial court found wife's proposed division of assets and liabilities more credible and persuasive than husband's. The trial court ordered husband to pay $7,500 per month for a period of eleven years to wife as maintenance spousal support and divided the parties' assets and liabilities pursuant to wife's proposed distribution. Husband raises two assignments of error: (1) that the trial court "misapplied the statutory and equitable factors relating to property division in dividing the parties' property per wife's 8.010"; and (2) that the trial court erred in failing to consider wife's earning capacity, as required by ORS 107.105 (1)(d)(C), in ordering spousal maintenance support.

We review a trial court's division of marital property and an award of spousal maintenance support for abuse of discretion, and we will not disturb either the division or the award unless the trial court misapplied the statutory considerations under ORS 107.105. *Maldonado and Freed*, 294 Or App 583, 590, 432 P3d 1154 (2018); *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012). We conclude that the trial court improperly divided the parties' assets by not considering the fair market value of the parties' wine collection and husband's bicycles. We remand for the court to apply the proper methodology. The equalizing award will have to be reconsidered by the trial court, as well, based upon the fair market value for the wine and bicycles.

Regarding the support award, we conclude that the trial court properly considered wife's earning capacity amongst the other factors listed in ORS 107.105(1)(d)(C), but on remand the trial court may reconsider the award based upon the revised property division if it changes the court's

---

[1] UTCR 8.010(3) requires that "[i]n all contested dissolution of marriage * * * actions, each party must file and serve on the other party a statement listing all marital and other assets and liabilities, the claimed value for each asset and liability and the proposed distribution of the assets and liabilities."

weighing pursuant to ORS 107.105(1)(d)(C)(v) (allowing a court to consider any income derived from property division in maintenance support calculation). Therefore, we reverse and remand.

## DIVISION OF PROPERTY

Husband's first assignment of error is that the trial court "misapplied the statutory and equitable factors relating to property division in dividing the parties' property per wife's 8.010."

Husband argues that the trial court erred: (1) in failing to use the fair market value of his wine and bicycle collections; (2) in including husband's Umpqua bank account in the name of "Libertas" as marital assets and in counting the tax refunds he withheld from wife as marital assets in his column; (3) in dividing the Capital One account as of its value at the end of December 2022; (4) in not considering the speculative tax consequences of husband's Opportunity Zone investment; and (5) in ordering an "equalizing award." Wife argues that the trial court properly considered each of the parties' assets and valued them appropriately.

Although the trial court is not required to be "mathematically certain," *von Ofenheim and von Ofenheim*, 40 Or App 865, 871, 596 P2d 1007, *rev den*, 287 Or 477 (1979), the court's division of property "must comport with the applicable legal framework and describe the basic reasons for the decision," *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008). When the trial court's property division lacks sufficient explanation, the judgment should be reversed and remanded for reconsideration. *See Breidenthal and Breidenthal*, 334 Or App 500, 507-08, 557 P3d 1124 (2024) (reasoning that, because the trial court failed to explain the equalizing award, the case should be reversed and remanded).

ORS 107.105(1)(f) requires the court to divide marital property in a method that is "just and proper in all the circumstances." With respect to the parties' wine collection, the trial court failed to consider its fair market value and instead relied only on evidence of its retail value. Wife's expert valued the wine collection at $277,457 as a matter of

retail value but also acknowledged that it could not be sold "for nearly that much." Wife's expert testified that when he collects wine bottles, he personally bids on the "far low end," at approximately 20 to 30 cents on the dollar of the retail value of the wine bottle. The expert also testified that other collectors could or would pay 50 cents on the dollar for a bottle. Although the expert testified that no person would buy the collection for that much, the court accepted the value of the wine collection at $277,457. Valuing the wine collection at its retail value rather than its fair market value was not just and proper because the value for which husband could sell the collection was significantly less than the retail value, per the only evidence in the record. We reverse and remand for the trial court to reconsider the fair market value of the parties' wine collection.

Similarly, the trial court used wife's proposed retail cost in calculating the value of husband's bicycle collection, awarded to husband. Neither party testified as to the current fair market value of any of the bicycles in husband's collection. Both parties testified to the approximate purchase price of each bicycle, but neither testified as to the current fair market value of any of the bicycles. There was information in the record that several of the bicycles were outdated technology and were less valuable at the time of the division than when they were purchased. We remand for the court to reconsider and explain the basis for the value it assigns to the bicycles.

Having reviewed the other aspects of the division of property that husband challenges on appeal, including his arguments relating to the Umpqua bank accounts and taxation, we are not persuaded the trial court erred. The record does not support husband's argument that the value of the Libertas accounts was included in the business valuation amount and credited against husband twice, and the trial court findings regarding the Umpqua account were supported in the record. With regard to the court's decision to exclude Opportunity Zone tax consequences, we do not take taxation into account when dividing marital property if the tax consequences are too speculative. *Rykert and Rykert*, 146 Or App 537, 544, 934 P2d 519 (1997) ("Where the amount of

the tax consequence or the potential for tax liability is too speculative, the court will not take into account the possible effects of taxation in dividing property.").

The trial court also awarded wife an "equalizing" award of $16,058.17, payable by husband, which was awarded based on wife's UTCR 8.010 division of assets worksheet. An equalizing award is "one-half of the difference in value between the assets awarded to [one spouse] and those awarded to [the other spouse]." *Coats and Coats*, 64 Or App 594, 597, 669 P2d 370 (1983). The equalizing award to wife will necessarily have to be reconsidered on remand, in light of the fact we are remanding for reconsideration of the value of the parties' wine and bicycle collections.

## SPOUSAL SUPPORT

Husband's second assignment of error is that the trial court erred by failing to consider wife's earning capacity, as it must do according to ORS 107.105(1)(d)(C), in ordering spousal maintenance support. In reviewing spousal support, we review for abuse of discretion. *Morgan and Morgan*, 269 Or App 156, 157, 344 P3d 81, *rev den*, 357 Or 595 (2015). "We will not disturb the trial court's discretionary determination unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105." *Berg*, 250 Or App at 2 (citing *Kunze and Kunze*, 337 Or 122, 136, 92 P3d 100 (2004)).

Husband emphasizes that there is evidence in the record to support that wife's business will continue to grow, including wife's own testimony that she would be able to devote more time to her business after the divorce trial concluded. Wife responds that the trial court examined her earning capacity and made a variety of findings related to her income.[2] Wife argues that husband has provided no evidence of wife's current income and that the trial court was properly "circumspect about imposing a support award based on income not presently available." *Waterman and Waterman*, 158 Or App 267, 271, 974 P2d 256 (1999). Additionally, wife argues that the trial court is not required to "rely solely on

---

[2] Regarding wife's income, the court found: "Wife currently makes no money as she works to start up her small business. *** The [court] finds her current income to be $0."

a spouse's past income when the record demonstrates that there are external constraints on the spouse's actual earning capacity." *Gott-Dinsmore and Dinsmore*, 330 Or App 169, 172, 543 P3d 121 (2024); *Weber and Weber*, 184 Or App 190, 201, 56 P3d 406 (2002), *rev'd on other grounds*, 337 Or 55, 91 P3d 706 (2004) ("[A]lthough spousal support may be fixed based on forecast income, the forecast must be predicated on facts existing at the time the award is made.").

The trial court found that husband's income was $27,003 per month, calculated based on an average of husband's 2019, 2020, and 2021 tax returns. The court determined wife's income to be $0 per month. Given the current income imbalance and the standard of living the parties enjoyed during the marriage, it was proper that the court awarded wife a spousal maintenance support award. The court awarded a support award in the value of $7,500 per month.

Though we do not identify error in the spousal support award, because we remand for reconsideration of the division of marital assets, the trial court may also reconsider that award. *Johnson and Price*, 280 Or App 71, 79, 380 P3d 983 (2016). Spousal support "cannot adequately be considered except in light of the provisions in the dissolution decree for division of property." *Grove and Grove*, 280 Or 341, 344, 571 P2d 477, *reh'g den*, 280 Or 769, 572 P2d 1320 (1977); *see also Gillis and Gillis*, 234 Or App 50, 58, 227 P3d 809 (2010) ("[I]n assessing the need for spousal support, all the financial provisions of the judgment must be considered."). Given the trial court's task to reevaluate the division of marital assets, the spousal maintenance support award may also be reconsidered.

We conclude that the trial court abused its discretion by not considering the parties' wine collection and bicycles at their fair market value. Thus, we remand this case for reconsideration of the value of the collections and the equalizing award. Consequently, the court may also reconsider the spousal support award.

Reversed and remanded.