Argued and submitted October 26, affirmed December 19, 1990, reconsideration denied May 1, petition for review pending 1991

**EMPLOYMENT DIVISION,**
*Petitioner,*

*v.*

**Janet M. RING,**
*Respondent,*

*and*

**CENTRAL CITY CONCERN,**
*Employer.*

(89-AB-1604; CA A63480)

803 P2d 766

John T. Bagg, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Terry R. Anderson, Lake Oswego, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■ Employment Division (Division) appeals a final order of the Employment Appeals Board (EAB) that allowed claimant to retain her unemployment compensation benefits. The issue is whether Division may recover unemployment benefits that were paid to a private sector employee during a period for which the employee subsequently received back pay.[1] We affirm.

Claimant was fired from her job at Central City Concern (Central), a private, nonprofit corporation. While pursuing a wrongful discharge grievance against Central, she applied for and received unemployment benefits. Seven weeks later, she found other employment, notified Division and stopped receiving benefits. Thereafter, an arbitrator determined that her discharge from Central was improper. She was awarded reinstatement and reimbursement for "any and all loss of wages and contractual benefits she may have suffered as a result of the [discharge], less interim earnings." Pursuant to that award, she returned to her former job and received back pay from Central.

A referee later determined that the entire amount of the unemployment benefits received by claimant was an overpayment that could be recovered by Division. Claimant appealed to EAB, which set aside the referee's decision. It ruled that claimant had provided no services to her employer during the weeks at issue and that the amount of back pay received did not reduce her unemployment benefits under ORS 657.150(6).[2] It found that she "did not receive benefits to which she was not entitled" and that Division could not recoup the benefits.

For purposes of unemployment insurance, "wages" are defined as "remuneration for employment." ORS 657.105(1). "Employment" is defined as "service for an

---

[1] We review for errors of law. ORS 183.482(8)(a).

[2] ORS 657.150(6) provides, in part:

"An eligible unemployed individual who has employment in any week shall be paid with respect to such week a benefit in an amount equal to the individual's weekly benefit amount less that part of the remuneration, if any, payable to the individual with respect to such week which is in excess of one-third of the individual's weekly benefit amount * * *."

employer, * * * performed for remuneration or under any contract of hire, written or oral, express or implied." ORS 657.030(1).[3] One does not receive "remuneration" unless one actually performs a *service. North Pacific Supply Co., Inc. v. Emp. Div.,* 100 Or App 553, 556, 787 P2d 495, *rev den* 310 Or 121 (1990). However, Division argues that the arbitrator's back pay award had the *effect* of giving claimant remuneration and that Division could, therefore, consider it the functional equivalent of "wages" and properly characterize claimant as "employed."

It is undisputed that claimant performed no services for Central while she was receiving unemployment benefits. Her employment relationship had been terminated. *Weyerhaeuser Timber Co. v. S.U.C.C. et al,* 217 Or 378, 390, 342 P2d 114 (1959). She was not engaged in activities that qualified as "employment" under any statute, and no remuneration for past services was paid or payable to her. Accordingly, she became "unemployed" after she was discharged by Central, ORS 657.100(1),[4] and was eligible for unemployment benefits. ORS 657.155.[5]

Division next contends that, under its administrative rule, claimant was "employed" during the period of time for which she later received back pay:

> *"Back pay awards* allocated to specific time periods *shall,* upon reinstatement, *constitute wages* and weeks of work *as though the individual had been employed during the specific periods."* (Emphasis supplied.) OAR 471-30-020(4).

---

[3] In *Silver Eagle Mfg. Co. v. Emp. Div.,* 95 Or App 635, 638, 770 P2d 607 (1989), we held that the claimant's "employment" ended when his "services were terminated," regardless of the fact that he received 45 days' severance pay.

[4] ORS 657.100(1) provides, in part:

"An individual is deemed 'unemployed' in any week during which the individual performs no services and with respect to which no remuneration *for services performed* is paid or payable * * *." (Emphasis supplied.)

[5] ORS 657.155 provides, in part:

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the assistant director finds that:

"* * * * *

"(d) The individual has been unemployed for a waiting period of one week.

"(e) The individual is not disqualified from benefits or ineligible for benefits under any other section of this chapter."

Because claimant's back pay award constituted "wages" under the rule, Division argues that any benefits paid to her should be recoverable under ORS 657.315(1)(b).[6] EAB concluded that the statutory definitions conflict with the administrative rule:

> "There is conflict between OAR 471-30-020(4) and ORS 657.030(1) in the limited facts of this case because, during the period July 3, 1988, through December 3, 1988, the claimant performed no services and provided no goods to the employer. Under ORS 657.030(1) because she provided no services, the claimant did not have 'employment' during the period at issue. We do not think the context of ORS 657.150(6) *requires* a different definition for the term 'employment.' OAR 471-30-020(4) implicitly recognizes the lack of employment in a back pay situation as evidenced by the phraseology "* * * as though the individual had been employed * * *." We find that the Employment Division lacks authority to redefine the statutory term 'employment' [which requires the provision of services] to include the period for which claimant received back pay but during which she performed no services for the employer. ORS 657.030(1)."

Division argues that its promulgation of OAR 471-30-020(4) was a permissible exercise of its delegated authority and that, without the rule, claimants could receive a windfall.

---

[6] ORS 657.315 provides, in part:

"(1) If it is determined by the assistant director that an individual has been paid benefits to which the individual was not entitled because:

"* * * * *

"(b) An initial decision to pay benefits is subsequently reversed by a decision finding the individual was not eligible for such benefits, and the decision establishing the erroneous payment of benefits has become final;

"the individual shall be liable to have a like amount deducted from any benefits otherwise payable to the individual pursuant to this chapter during the benefit year within which the unauthorized or improper amount was paid."

Division's reliance on *Johnson v. Employment Division,* 67 Or App 710, 680 P2d 386 (1984), is misplaced. The issue in *Johnson* was whether Division was authorized to recover unemployment benefits by simply stating in an administrative decision that the claimants were liable for repayment of benefits. We held that Division was not authorized to do that, because the relevant statutes provide only two methods by which it may recover overpayments: It may either deduct amounts "from any benefits otherwise payable" to the individual, ORS 657.315(1), or it may initiate a civil action under ORS 657.315(2).

Under certain circumstances, Division must be reimbursed for unemployment benefits paid to *public employees* who subsequently receive back pay. ORS 657.315(3). That statute does not authorize Division to recover benefits paid to private sector employees. *Filter v. City of Vernonia,* 95 Or App 550, 553 n 1, 770 P2d 83 (1989).

In *Seibel v. Liberty Homes, Inc.*, 305 Or 362, 752 P2d 291 (1988), the Supreme Court considered whether one should be allowed to retain Social Security disability benefits in addition to a damages award for breach of an employment contract. In holding that the damages award could not be reduced by the amount of benefits the plaintiff had received, the court wrote:

> "It is argued that to disregard payments of social benefits in an action against the employer gives a successful plaintiff an unjustified windfall. But whether to save or recapture those costs is properly an issue between the provider of the benefits and its beneficiaries, a policy choice in the design of the program." 305 Or at 369.

In designing Oregon's unemployment insurance system, the legislature's policy choices are clearly revealed in its definitions of "wages" and "employment." Those terms were not in need of agency interpretation, because each was given a precise meaning by statute. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 223, 621 P2d 547 (1980). The legislature described the activities that constitute employment and those that do *not*. It also described "wages" affirmatively and negatively. *See* ORS 657.030 to ORS 657.094 ("employment"); ORS 657.105 to ORS 657.140 ("wages"). In so doing, the legislature established the parameters of each term. The agency needed only to engage in factfinding and application of the existing definitions. *Springfield Education Assn. v. School Dist., supra*, 290 Or at 224.

Although Division may, as a general rule, promulgate rules that apply statutory definitions, those rules may not conflict with the governing statutes. Because OAR 471-30-020(4) conflicts with the statutory definitions of wages and employment, it is invalid.

Affirmed.